CHARLES PEARSON, Appellant, *v.* ABRAHAM ROSENBERG et al., Respondents, et al., Defendant.

First Department, December 23, 1964.

*Milton Paulson* for appellant.

*Martin Kleinbard* of counsel (*Allan Blumstein* and *Samuel Shacter* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys for Abraham Rosenberg and others, and *Shacter, Paris, Goldman & Ellison,* attorneys for Star Industries, Inc.), for respondents.

BREITEL, J.   Plaintiff, in a derivative stockholders' action, appeals from so much of an order as granted defendants' cross motion for a protective order pursuant to CPLR 3103 vacating plaintiff's notice to conduct an examination before trial pursuant to CPLR 3101 and 3102.   The issue is whether there appear sufficient special circumstances to warrant the allowance of such an examination.

The gravamen of the action is the misuse of one corporation in which there are public stockholders for the benefit of another close corporation, the administrations of both corporations being controlled by the same group.   The individual defendants are of the group alleged to exercise common control of both corporations.

Because the two corporations involved engage in similar sales transactions with the same customers, suggesting a conflict of interest in the interlocking administrations of the two corporations, there are special circumstances warranting the allowance to plaintiff of an examination before trial.   Consequently, the order, to the extent appealed from, should be modified to permit such examination, but on items of examination to be settled by order.

The individual defendants own more than 50% of the voting stock of Star Industries, Inc. and 80% of the stock of Major Liquor Distributors, Inc.   Plaintiff has been a stockholder in Star since November 8, 1961 when, for the first time, Star sold its shares to the public.   In the public offering, as required by Federal law, full disclosure was made of the interlocking interests between Star and Major, both of which are engaged and had been engaged for some years in the distribution of bottled alcoholic beverages substantially in the same territory and substantially to the same customers.   Moreover, Major purchases and has purchased beverages from Star for resale by Major to their common customers.   Defendants allege all this but also argue, correctly, that plaintiff does not present any

facts, beyond broad conclusions, that defendants have been guilty of any impropriety.

Because there was full disclosure of the interlocking interests and because there is no evidentiary showing that defendants have misconducted themselves, they argue that under the restrictive rules applicable to stockholders' derivative actions there is no warrant for the examination before trial. Plaintiff, on the other hand, urges that whatever restrictions existed with respect to examinations in stockholders' actions prior to CPLR have now been legislated out of existence and that in any event the fact of a conflict of interest, a continuing condition, is a special circumstance warranting an examination even under the more restrictive practice which prevailed under the Civil Practice Act (e.g., *Van Aalten* v. *Mack*, 7 A D 2d 289). For a description and discussion of the development of disclosure in various kinds of actions in which policy considerations have given rise to a variety of restrictive rules, see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac. (pars. 3101.14–3101.21).

Quickly eliminated is plaintiff's argument that under CPLR the courts are obliged to allow virtually unlimited examination in stockholders' derivative actions. In *Nomako* v. *Ashton* (20 A D 2d 331, 333–334), this court by deliberate and considered statement outlined the areas in which CPLR compelled a broadening of examination and those in which the courts were empowered, in the exercise of discretion, to control pretrial examination more narrowly, in order to prevent abuse. Included in the area to be controlled more narrowly was that of stockholders' derivative actions (see 3 Weinstein-Korn-Miller, *op. cit. supra,* par. 3101.17 noting the policy albeit prayerfully suggesting a reappraisal). To be sure, nevertheless, under CPLR if there is to be any change it should be in the direction of allowing examinations rather than denying them. At the same time, the experience of this court, which among State courts, probably more than any other, receives much of this kind of litigation, gives every indication of a need to proceed cautiously before allowing expensive protracted pretrial examination in stockholders' derivative actions, merely because a complaint may be framed.

The restrictive policy is not one hostile to stockholders' actions but only one which requires some showing that the action is not baseless and motivated solely to harass. Usually, there must be a showing by detailed facts of wrongdoing, at least prima facie, but this is not an inflexible rule (*Van Aalten* v. *Mack*, 7 A D 2d 289, *supra*). Anything which shows a basis for inquiry should suffice. Where, as here, the conflict of interest

is based on undisputed facts and is a continuing condition, there is a basis for inquiry. That there was no wrongful diversion of business prior to November, 1961 is of no moment. Before there were any public stockholders there would have been no temptation or profit in diversion, presumably. But the conflict of interest, not illegal in itself, does, on the undisputed facts, exist (see *Foley* v. *D'Agostino*, 21 A D 2d 60). This merits at least an opening inquiry into the matter to see if there is or is likely to be any improper diversion and to see if there has been any machinery established to assure that the conflict of interest will not result in improprieties.

Consequently, in this case there are sufficient special circumstances to warrant the pretrial examination. However, in order to make sure that the examination is keyed to the matters which entitle plaintiff to such an examination, the examination should proceed only with respect to specified matters and not broadly under the pleadings (cf. *Manacher* v. *Central Coal Co.*, 7 A D 2d 208). Otherwise, there may be no effective way for the court to control the proceedings.

Accordingly, the order insofar as appealed from should be modified, on the law, on the facts, and in the exercise of discretion, to the extent of remanding the proceedings to Special Term to settle on notice specified items of examination, and the order should be otherwise affirmed, with costs and disbursements to abide the event.

BOTEIN, P. J., VALENTE, STEVENS and EAGER, JJ., concur.

Order, entered on October 15, 1964, so far as appealed from, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of remanding the proceedings to Special Term to settle on notice specified items of examination, and, as so modified, affirmed, with $30 costs and disbursements to abide the event.