■ ARTHUR D. EMIL et al., Appellants-Respondents, v. JAMES FELT & Co., INC., Respondent-Appellant.— Order, Supreme Court, New York County,

entered April 5, 1974 denying plaintiffs' motion for summary judgment dismissing the affirmative defenses in the defendant's answer and denying defendant's cross motion for summary judgment dismissing the complaint unanimously modified, on the law, to dismiss the third and seventh affirmative defenses in defendant's answer and, as so modified, the order is affirmed, without costs or disbursements. In the third affirmative defense it is asserted that the cause of action alleged in the complaint occurred more than three years prior to the commencement of this action and is therefore barred "by all applicable statutes of limitations." However, the complaint is based upon a cause of action sounding in indemnity and as such, is governed by the six-year Statute of Limitations (see *Hansen* v. *City of New York*, 43 Misc 2d 1048; *Rieger* v. *Frankstram Realties*, 68 N. Y. S. 2d 243; CPLR 213, subd. 2). Since the cause of action did not accrue until 1972 when actual payment of the judgment was made (*Musco* v. *Conte*, 22 A D 2d 121; *Satta* v. *City of New York*, 272 App. Div. 782), clearly, this action which was instituted in 1973 is not time-barred. In addition, the seventh affirmative defense alleging that plaintiffs failed to comply with CPLR 1401 is without merit since that section relates solely to contribution among tort-feasors and has no applicability in an action for indemnity (see 2A Weinstein-Korn-Miller, N. Y. Civ. Prac., § 1401.03). Concur — Nunez, J. P., Kupferman, Murphy, Lupiano and Tilzer, JJ.