■ HELEN HOWARD et al., Respondents, v O. ROY CHALK et al., Respondents, and AMERICAN AIRLINES, INC., Appellant.—Order, Supreme Court, New York County, entered January 5, 1977, which granted plaintiff's motion for leave to conduct discovery against the defendant American Airlines, Inc., and which granted the cross motion of defendants Chalks to amend their answer to allege cross claims against American Airlines, Inc. for indemnification and contribution, modified, on the law, to the extent of denying plaintiff's motion for discovery as against American Airlines, Inc. and, as so modified, affirmed, without costs and disbursements. In this stockholders' derivative action special circumstances must be shown by plaintiff to obtain the discovery sought (see *Pearson v Rosenberg,* 22 AD2d 225, 227-228; *Nomako v Ashton,* 20 AD2d 331, 333-334). Assuming wrongdoing on the part of the Chalks, it is not shown or indicated that American Airlines, Inc. (American), participated in or had knowledge of such acts. There was no showing that American had influence over D.C. Transit System, Inc.'s board of directors. Indeed, the only member of that board joined as a defendant is O. Roy Chalk. American was, it appears, engaged in an arm's length business transaction. The tax deficiency was concededly attributable to D.C. Transit System, Inc., which was not the corporation American was taking over. If American took over Trans Caribbean Airways, Inc., without obtaining an indemnity agreement, presumably it could have recovered over against D.C. Transit for any tax liability American paid and which was attributable to D.C. Transit. Consequently, it appears that American's request for indemnification and security was not a tortious act, for it was seeking to have D.C. Transit be responsible for its own debt. Regarding the Chalks' cross motion for leave to amend their answer to assert cross claims against American, it is noted that three of the cross claims were based on the theory of indemnification either pursuant to the certificate of incorporation of Trans Caribbean Airways, Inc., or certain provisions of the Delaware General Corporation Law providing for indemnification of directors. The fourth cross claim seeks contribution based on the defendants' relative responsibilities. While clearly the Chalks were dilatory, such delay did not prejudice American. All the facts have long been known to American and the delay has not deprived American of any action it may take. Further, it appears that the Statute of Limitations has not commenced on the indemnification causes (see *Emil v James Felt & Co.,* 45 AD2d 677), and after rendition of judgment and payment by the Chalks, they would have a right to bring an independent action (see *Musco v Conte,* 22 AD2d 121). As to the claim for contribution, Professor Siegel notes that laches will seldom be a defense and apportionment may be made even in the absence to so request in the pleadings, so long as proof at trial is complete and notice and opportunity to prepare has been given (Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3019, C3019.15; C3019.50). Concur —Lupiano, Birns and Capozzoli, JJ.; Kupferman, J. dissents in part in the following memorandum: I dissent and would deny the cross motion of the defendants Chalk to amend their answer to allege cross claims against

American Airlines, Inc. for indemnification and contribution. The memorandum of the majority makes clear the basis for my dissent. If, as the majority states, there was no tortious act by American Airlines, Inc., and that it engaged in an arm's length transaction in its own interest, whatever may be the obligation of the defendants Chalk in the stockholders derivative action, they would have no claim over against American Airlines, Inc.