■ METHODIST HOSPITAL OF BROOKLYN, Plaintiff, v LEON D. DE MATTEIS CONSTRUCTION CORP. et al., Defendants. LEON D. DE MATTEIS CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Respondent, v JOHN GRACE & CO., INC., et al., Third-Party Defendants, and CLIMATE & CONTROLS DIVISION OF THE SINGER COMPANY et al., Third-Party Defendants-Appellants. EGGERS AND HIGGINS et al., Defendants and Third-Party Plaintiffs, v THROOP & FEIDEN et al., Third-Party Defendants.—Order, Supreme Court, New York County, entered July 15, 1977, denying third-party defendant Singer's motion to dismiss the third-party complaint as to it on the ground of Statute of Limitations, unanimously affirmed, with $75 costs and disbursements of this appeal to respondent. The general contractor's third-party complaint asserts a claim for indemnity against the moving third-party defendant, grounded upon allegations of negligence in the performance of work at the project and breach of warranty of fitness for use as regards movant's sale of air-conditioning equipment to another subcontractor. Concededly, the Statute of Limitations has run on any cause of action for breach of warranty. Insofar as any liability for indemnity predicated upon movant's negligence is concerned, the applicable Statute of Limitations is six years, which begins to run from the time of payment of any judgment against the third-party

plaintiff. *(Emil v Pelt & Co.,* 45 AD2d 677; CPLR 213, subd 2.) Thus, the third-party complaint against movant is not time barred. Should ultimate fault be based on defective air-conditioning equipment, rather than negligence in performance of work, then movant's rights are preserved inasmuch as it has asserted an affirmative defense of the bar of the Statute of Limitations. Concur—Birns, J. P., Evans, Fein, Sullivan and Lynch, JJ.