◼ JOHN CARDO, Individually and on Behalf of Himself as Shareholder of SAFEWAY CONCRETE Co., INC., Respondent, v SAFEWAY CONCRETE Co., INC., et al., Appellants.—In an action, *inter alia,* to recover damages for conversion and for specific performance of a trust agreement, the defendants appeal from an order of the Supreme Court, Richmond County, dated May 21, 1979, which denied their motion to dismiss each cause of action in the complaint pursuant to either CPLR 3211 or CPLR 3212, or in the alternative, to vacate a notice of discovery and inspection. Order modified, on the law, by (1) deleting therefrom the provision which denied the branch of defendants' motion which sought to vacate plaintiff's notice of discovery and inspection and substituting therefor a provision granting the said branch of the motion with leave to plaintiff to move for disclosure upon a proper evidentiary showing, and (2) deleting therefrom the provision which denied the branch of the motion which sought to dismiss the third cause of action and substituting therefor a provision granting the said branch of the motion. As so modified, order affirmed, without costs or disbursements. Plaintiff's allegations in his third cause of action are insufficient to establish his right to receive a corporate dividend. Absent allegations of fraud, bad faith or dishonesty on the part of the directors, their judgment in withholding dividends from the stockholders will be regarded as conclusive (see *Gordon v Elliman,* 306 NY 456). Moreover, broadly based pretrial discovery has been permitted in stockholder derivative actions only after factual allegations of evidentiary value have provided a basis for inquiry (see *Pearson v Rosenberg,* 22 AD2d 225; *Matter of Elias v Artistic Paper Box Co.,* 29 AD2d 118). Damiani, J. P., Gulotta, Cohalan and Margett, JJ., concur.