■ LOIS MULLER et al., Plaintiffs, v NATHAN R. SILVERSTEIN et al., Appellants-Respondents, and ELEANORE HILLMAN et al., as Executrices for ARTHUR HILLMAN, Deceased, et al., Respondents-Appellants. — Judgment and order (one paper) of the Supreme Court, New York County (Ascione, J.), dated June 3, 1982, which directed the dissolution of Patricia Holding Corporation, appointed a receiver, and granted costs to the cross claimants Hillman Estates and Gertrude Gordon, is unanimously reversed, on the law, without costs or disbursements, and the matter remanded for further proceedings in accordance with the following memorandum. This case involves a closely held New York corporation, Patricia Holding Corp., which was established in 1936 by Max Silverstein and Frank Hillman, each of whom had 50% of its shares. The sole business of Patricia has been, and continues to be, the ownership and operation of two parcels of real estate, a commercial-residential building in The Bronx and a store in Brooklyn. Following the death of the two principals, the stock passed by inheritance to their children and grandchildren. Until January 25, 1982, when defendant-appellant Nathan Silverstein, as part of the settlement of the claims by plaintiffs Lois Muller and Diane Shah, acquired 12½% of the company's stock for a controlling total of 62½%, the Hillman and Silverstein descendants each owned 50% of the shares. The instant action was commenced approximately seven years ago by two Hillman grandchildren, Lois Muller and Diane Shah, against four directors of Patricia, as well as the corporation itself. The relief sought was the declaration of a reasonable dividend, removal of the officers and directors, and compensatory and punitive damages. Defendants-respondents Arthur Hillman and his sister, Gertrude Gordon, subsequently cross-claimed against defendants-appellants Nathan and Elizabeth Silverstein (Nathan's mother), thereby joining in plaintiffs' demands. Although a settlement was ultimately reached between the Silversteins and the plaintiffs, the cross claim remains unresolved and is the subject of this appeal. (Arthur Hillman having died in the interim, his estate has been substituted as a party herein.) After a hearing the court directed the dissolution of the corporate defendant pursuant to section 1104-a of the Business Corporation Law and appointed a receiver to supervise the liquidation. This was a form of relief which neither of the respondents had ever requested. The court, however, concluded that its decision was warranted because of the actions of the defendants "in not declaring dividends, or convening a meeting of the Patricia Holding Corp., for this purpose, were oppressive, arbitrary and capricious". The declaration of dividends is generally within the discretion of the board of directors, and "[a]bsent allegations of fraud, bad faith or dishonesty on the part of the directors, their judgment in withholding dividends from the stockholders will be regarded as conclusive" (*Cardo v Safeway Concrete Co.*, 73 AD2d 607). Whether respondents were entitled to the declaration of a dividend is an issue which we need not reach. It was error, however, for the court to apply section 1104-a of the Business Corporation Law and direct a dissolution of the corporation. According to subdivision (a) of section 1104-a, the holders of 20 or more per cent of the shares who are authorized to vote in an election of directors may petition for dissolution on one or more of the following grounds: "(1) The directors or those in control of the corporation have been guilty of illegal, fraudulent or oppressive actions toward the complaining shareholders; (2) The property or assets of the corporation are being looted, wasted, or diverted for non-corporate purposes by its directors, officers or those in control of the corporation." In determining whether to grant the petition, the court shall take into account (subd [b]): "(1) Whether liquidation of the

corporation is the only feasible means whereby the petitioners may reasonably expect to obtain a fair return on their investment; and (2) Whether liquidation of the corporation is reasonably necessary for the protection of the rights and interests of any substantial number of shareholders or of the petitioners." The court, therefore, was unwarranted in ordering a course as drastic as liquidation without a sufficient factual showing and in doing so without the requisite notice having been provided to either the appellant or other interested parties. It appears that dissolution was mentioned for the first time by respondents in their posttrial brief. The requirements of sections 1105 and 1106, dealing with the contents of a petition for judicial dissolution and the method of notification, were never complied with. Indeed, a substantial shareholder (Sadie Levy, the owner of 12½% of the stocks) was not a party to the action at all, and, moreover, the appellants were not afforded an opportunity to contest the dissolution. There is also no indication in the record that the trial court ever considered whether liquidation was the only feasible means by which the respondents could reasonably expect to receive a fair return on their investment or whether liquidation was reasonably necessary in order to protect the shareholders. If the trial court believed that a dividend should have been declared, it could have made an order to that effect. Dissolution of the corporation was, however, unjustified. Concur — Kupferman, J. P., Sandler, Asch, Milonas and Alexander, JJ.