■ In the Matter of SEYMOUR GARDSTEIN et al., Respondents. KEMP & BEAT-LEY, INC., Appellant. — Order, Supreme Court, New York County (Francis Pecora, J.), entered on June 22, 1983, and resettled order of said court entered on August 3, 1983, affirmed. Petitioners-respondents shall recover of respondent-appellant one bill of $75 costs and disbursements of these appeals. Concur — Kupferman, J. P., Bloom, Fein and Alexander, JJ.

Silverman, J., dissents in a memorandum as follows: I would reverse the orders appealed from. In my view there has been no showing of "oppressive actions toward the complaining shareholders" justifying judicial dissolution under section 1104-a (subd [a], par [1]) of the Business Corporation Law. The referee and Special Term relied, for such oppressive action, on a claimed change of policy as to dividends when petitioners left, and the failure to follow the established buy-out policy while those in control were at the same time taking hefty bonuses for themselves. The record does not show a change of policy as to dividends when petitioners left; the change, such as it was, took place two years before petitioner Gardstein left. Further, the record does not show there was an "established buy-out policy" whereby the corporation would but the stock of living stockholders who left employment for one reason or another. Liquidation of the corporation is not "the only feasible means whereby the petitioners may reasonably expect to obtain a fair return on their investment". (Business Corporation Law, § 1104-a, subd [b], par [1].) Although the court gave the corporation, or any shareholder, the option to elect to purchase the shares owned by petitioner at "their fair value", to be fixed, if necessary, after a hearing before a referee, the court seems not to have considered the option suggested in *Muller v Silverstein* (92 AD2d 455, 456) i.e., "[i]f the trial court believed that a dividend should have been declared, it could have made an order to that effect."