■ In the Matter of ANITA SCHLACHTER, Appellant. IDEAL HANDBAG FRAME MFG. CORP. et al., Respondents.—In a proceeding pursuant to Business Corporation Law § 1104-a for the involuntary dissolution of two corporations, the petitioner appeals from an order of the Supreme Court, Kings County (Golden, J.), which denied her petition and motion for discovery and granted the respondents' cross motion for summary judgment dismissing the petition.

Ordered that the order is affirmed, with costs.

Business Corporation Law § 1104-a (a) (1) permits a minority shareholder holding 20% or more of all outstanding shares of a corporation to present a petition for dissolution, *inter alia,* on the ground that "[t]he directors or those in control of the corporation have been guilty of illegal, fraudulent or oppressive actions toward the complaining shareholders". In *Matter of Kemp & Beatley (Gardstein)* (64 NY2d 63, 73), the court held that utilizing a complaining shareholder's " 'reasonable expectations' " was a means of identifying and measuring whether conduct alleged to be oppressive is appropriate. This standard is equally applicable to situation such as the instant case, where the shareholder's stock interest was a gift *(Matter of Smith [Koslowitz Constr. Co.],* 154 AD2d 537.

This case involves two closely held family corporations. This proceeding was apparently precipitated by the termination of the employment of the petitioner's husband with one of the subject corporations. The petitioner alleges that the respondents are guilty of oppressive conduct by, *inter alia,* failing to pay dividends to her, by eliminating her from the day-to-day operations of the corporations, and by frustrating her reason-

able expectation of sharing in the corporations' management and profits.

The petitioner's husband was an employee at will and, accordingly, "there is no insulation under the contractual and employment relationships alleged in this case from being fired" *(Ingle v Glamore Motor Sales,* 73 NY2d 183, 186; *see also, Murphy v American Home Prods. Corp.,* 58 NY2d 293). Since he was employed prior to the acquisition of the petitioner's stock ownership and was an employee at will, the petitioner could have had no reasonable expectation that he would continue to be employed *(see, e.g., Gimpel v Bolstein,* 125 Misc 2d 45). Nor could she reasonably expect to continue to receive in her shareholder capacity the ancillary benefits that flowed to her husband as an employee.

Further, the record reveals that the corporations have never paid any dividends. The record is also devoid of any evidence suggesting that the petitioner ever sought a role in the day-to-day operations of the corporations or their management. Thus, it cannot be said that the petitioner's reasonable expectations in that regard to the above matters have been frustrated *(see, Matter of Kemp & Beatley [Gardstein],* 64 NY2d 63, *supra).*

We further find that the petitioner's allegations of corporate waste lack evidentiary support in the record.

We have examined the petitioner's remaining contentions and find them to be without merit. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.