■ In the Matter of the Dissolution of 168½ DELANCEY CORPORATION. YOET NGOR NG, Respondent; WILLIAM SANG et al., Appellants. In the Matter of the Dissolution of MOCA REALTY, INC. YOET NGOR NG, Respondent; WILLIAM SANG et al., Appellants.—Order of the Supreme Court, New York County (William Davis, J.), entered on November 28, 1990, which, *inter alia,* granted the petition of Yoet Ngor Ng for dissolution of 168½ Delancey Corporation, dissolved the corporation, appointed a permanent receiver, and denied the cross-motion to dismiss the petition, unanimously modified, on the law, to the extent of vacating those parts of said order granting the petition, and appointing a receiver (decretal paragraphs 1 through 8 and 10), and the matter is remanded

for an evidentiary hearing to determine disputed issues of fact, and otherwise affirmed, without costs.

Order of the Supreme Court, New York County (William Davis, J.), entered on November 28, 1990, which, *inter alia,* granted the petition of Yoet Ngor Ng for dissolution of Moca Realty, Inc., dissolved the corporation, appointed a receiver, and denied the cross-motion to dismiss the petition, unanimously modified, on the law, to the extent of vacating those parts of said order granting the petition and appointing a receiver (decretal paragraphs 1 through 8 and 10), and the matter is remanded for an evidentiary hearing to determine disputed issues of fact, and otherwise affirmed, without costs.

These consolidated appeals involve a dispute among family members over two closely-held corporations that own two adjacent buildings at 168-168½ Delancey Street in Manhattan. The building at 168½ Delancey has six stories with a restaurant on the ground floor operated by Vincent Sang, and ten apartments above, which have been occupied over the years mainly by family members allegedly without payment of rent. The adjacent building owned by Moca Realty at 168 Delancey is a one story commercial building occupied by one commercial tenant which has no ties to the family. We are advised that since the determination of the motion, the corporate tenant has vacated.

The 168½ Delancey Corporation was formed in 1975. Its capital structure consisted of fifty shares of common stock distributed in five blocks of ten shares each to Vincent Sang, Wai-Ling Sang (his wife), Manolo Ng (Vincent's father-in-law), Shum Yuk Fu (Vincent's wife's uncle), and Shum Chu Wig (Vincent's wife's cousin). The corporation was allegedly formed on the advice of Jack Chin, an accountant. Chin, Wai-Ling Sang, and Vincent Sang assert that all the money for the renovation of the building was contributed by Vincent Sang and that the shares were to be held in trust for him as beneficial owner.

In 1985, Manolo Ng died, and petitioner Yoet Ngor Ng, his wife, became record owner of Manolo Ng's ten shares. In February 1988, Shum Yuk Fu and Shum Chu Wig transferred their combined total of twenty shares to Vincent's wife, respondent Wai-Ling Sang. Petitioner's position is that this transfer was accomplished by fraud. The present dispute arose after this twenty share transfer, and after petitioner loaned $20,000 to pay corporate debts in 1988.

Appellants allege that petitioner prevailed upon her daugh-

ter by threats and telephone harassment to convey to petitioner 15 shares out of the 20 that were conveyed by the Shums, giving petitioner control of 25 out of the 50 authorized shares in 168½ Delancey Corporation. The validity of the transfer of the fifteen shares is contested by appellants. William Sang, the Secretary of the corporation refused to sign the certificates for the transfer of the fifteen shares to his grandmother. In January 1990, one year after the alleged transfer, Wai-Ling Sang wrote to the corporation's attorney John Murff, at whose office the transfer had been negotiated, stating that the transfer was void, and without consideration, and that her signature had been procured by improper means.

In May 1990, Yoet Ngor Ng petitioned for the dissolution of 168½ Delancey Corporation on the grounds that directors and shareholders meetings had not been held in two years; shareholders were hopelessly deadlocked; payment of dividends had ceased in 1989; and that rent, primarily from the Apollo Restaurant, was either not being collected by the corporation or was being diverted. In the papers submitted, petitioner did not deny that neither she nor her husband ever contributed any funds to the corporation other than the $20,000 loan in 1988. Nor did petitioner deny that the transfer of the fifteen shares was made without consideration.

Moca Realty, Inc. was formed in 1977 with its shares divided equally among petitioner, her husband Manolo Ng (now deceased), Wai-Ling Sang and Vincent Sang. Petitioner now owns 50% of the corporation having acceded to her husband's shares. The petition in Moca Realty contains similar allegations of deadlock and failure to observe corporate formalities. It alleges further that the rent from the corporate tenant has either not been collected or has been diverted. Respondents cross-moved to dismiss the petition for failure to state a cause of action, and stated that because the corporate tenant had been experiencing financial difficulties, they decided eviction would not be prudent in light of the weak market for commercial space.

The Motion Court granted both petitions pursuant to Business Corporation Law §§ 1104 and 1104-a, finding, without elaboration, that the shareholders were irreconcilably deadlocked with respect to management of the corporate affairs, and that due to internal dissension, dissolution would be in the best interests of shareholders.

The Motion Court also granted petitioner's application for the appointment of a receiver for each corporation on the

ground that there had been an "extended failure to collect rent from the tenants." This court granted appellants' motion for a stay of the orders pending appeal.

We agree with appellants that the Motion Court acted precipitously in granting the petitions without conducting a hearing to determine the disputed factual issues presented on this record. *(See, Matter of MacDougall [Manhattan Ad Hoc Housewares], 150 AD2d 160.)*

With respect to 168½ Delancey Corporation, the order directs the sale of corporate property, including the Apollo Restaurant, despite Vincent Sang's *prima facie* showing of the elements of a constructive trust: the existence of a confidential relation, an express promise, a transfer in reliance on that promise, and unjust enrichment. *(See, Sharp v Kosmalski, 40 NY2d 119; Simonds v Simonds, 45 NY2d 233.)*

The ultimate remedy of dissolution and forced sale of corporate assets should only be applied as a last resort. *(Muller v Silverstein, 92 AD2d 455.)* On this record it appears that the financial management of the corporations had been conducted somewhat loosely from the inception. In addition to failure to observe corporate formalities, failure to collect rents or pay dividends is the gravamen of the petition. Yet family members had from time to time occupied many of the apartments without paying rent. Indeed, even petitioner enjoyed this perquisite until she moved out when relations soured, and her son continues to reside there. Factual issues of waiver and estoppel are thus present. *(Matter of Nelkin v H. J. R. Realty Corp., 25 NY2d 543.)* It is doubtful against this factual background that appellants' actions can be considered oppressive under Business Corporation Law § 1104-a.

With respect to Moca Realty, the case for dissolution is even weaker. The principal allegation is failure to collect rent from the single commercial tenant, and respondents submitted a business justification for their action. This petition should also be the subject of an evidentiary hearing on remand.

With respect to the receiver appointed by the Motion Court, her appointment has never become effective due to this court's issuance of an order staying enforcement pending appeal. Therefore, on remand, the Motion Court has discretion to determine whether the appointment should be renewed pending the outcome of the evidentiary hearing. Concur—Murphy, P. J., Sullivan, Asch and Rubin, JJ.