■ In the Matter of ELEANOR BREITERMAN, Appellant, v CHEMICAL BANK et al., Respondents, et al., Defendants.—In a turnover proceeding pursuant to CPLR article 52, the petitioner appeals from so much of a judgment of the Supreme Court, Queens County (Hyman, J.H.O.), dated November 2, 1989, as, after a hearing, appointed a receiver and directed the receiver to take steps to ascertain all creditors and dissolve the judgment debtor corporation.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the third and fourth decretal paragraphs thereof are deleted, a provision is substituted therefor directing the respondents Frank DePalma and Seymour Breiterman to each pay $2,515.95 plus interest of 9% per annum from December 19, 1984, to Elmar Properties, Inc., and the matter is remitted to the Supreme Court, Queens County, for entry of an amended judgment directing the turnover of the property described in the second decretal paragraph thereof to the petitioner, and in favor of Elmar Properties, Inc., and against Frank DePalma in the principal sum of $2,515.95, and against Seymour Breiterman in the principal sum of $2,515.95.

The petitioner contends that the trial court's reliance on an alleged improper payment to the shareholders to justify the dissolution of the judgment debtor, Elmar Properties, Inc., and the appointment of a receiver were unwarranted. We agree. The only issue framed by the parties was whether the funds sought to be turned over were in fact corporate property. The underlying turnover proceeding did not seek the appointment of a receiver or the dissolution of the corporation and no party to this proceeding requested such relief *(see, Muller v Silverstein,* 92 AD2d 455, 456).

The Court of Appeals has made it clear that judicial dissolution is only available as a remedy in limited circumstances, and has strongly suggested that courts do not have the power to order such relief in the absence of such a request by a proper, statutorily-designated person *(see, Matter of Kemp & Beatley [Gardstein],* 64 NY2d 63, 69; *see also, Matter of Pace Photographers [Rosen],* 71 NY2d 737, 746). Moreover, except where a proper showing is made by a minority shareholder that the majority shareholders have palpably breached the fiduciary duty they owe to the minority shareholders, courts have no general equity power to direct dissolution *(Matter of Kemp & Beatley [Gardstein], supra,* at 69-70). Here, the trial court's determination that the principals of the judgment debtor had wrongfully dissipated corporate assets, is not sup-

ported by the record. The single incident of alleged impropriety—not properly apportioning the closing expenses of the sale of two parcels of real property, one owned by the judgment debtor corporation and the other by its two shareholders—supported only by an assumption made by the hearing court, is an insufficient factual basis for such a drastic remedy. None of the testimony given by any of the parties at the hearing tends to show that the principals had embarked on a campaign to systematically loot the corporation's assets. Thus, even if the court's calculations were deemed to be correct and the principals were correctly deemed to have received more than they were entitled to upon the sale, these actions do not rise to the level of corporate waste or such egregious behavior as would warrant the drastic remedy of dissolution (see, Matter of Schlacter [Ideal Handbag Frame Mfg. Corp.], 154 AD2d 685, 686). Upon such a finding, " 'consideration must be given to the totality of the circumstances * * * to determine whether some remedy short of or other than dissolution constitutes a feasible means' of resolving the dispute (Matter of Kemp & Beatley [Gardstein], supra, p 73; see also, Muller v Silverstein, 92 AD2d 455, 456)" (Matter of Wiedy's Furniture Clearance Center Co., 108 AD2d 81, 84-85). Therefore, the court's remedy, directing each of the individual shareholders to return the principal sum of $2,515.25 to the corporation, should have sufficed.

We have considered the petitioner's remaining contention and find it to be without merit (see, Gabrelian v Gabrelian, 108 AD2d 445). Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.