■ OUTBACK/EMPIRE I, LIMITED PARTNERSHIP, Respondent, v KAMITIS, INC., Appellant. [825 NYS2d 747]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered June 9, 2005, as denied those branches of its motion which were for summary judgment dismissing the complaint or, in the alternative, to dismiss the complaint pursuant to CPLR 3211.

Ordered that the order is affirmed, with costs.

The defendant failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law. Contrary to the defendant's contention, the obligations of the plaintiff under the commercial lease were not illusory. It is well settled that "in every contract there exists an implied covenant of good faith and fair dealing" (*Kirke La Shelle Co. v Armstrong Co.*, 263 NY 79, 87 [1933]; *see Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 68 [1978]; *Wood v Duff-Gordon*, 222 NY 88, 91 [1917]). Therefore, although certain provisions allowed the plaintiff, in its sole and absolute discretion, to terminate its obligations under the lease, the plaintiff was required to carry out its contractual obligations incident to the exercise of its discretion in good faith. In addition, the lease required that it be terminated upon written notice to the defendant within a specific time frame. Thus, the lease between the plaintiff and the defendant constituted a valid and enforceable contract, supported by valid consideration. Accordingly, those branches of the defendant's motion which were for summary judgment dismissing the complaint or, in the alternative, to dismiss the complaint pursuant to CPLR 3211 were properly denied.

The defendant's remaining contentions are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.