■ MADDALONI JEWELERS, INC., Respondent, v ROLEX WATCH U.S.A., INC., et al., Appellants. [838 NYS2d 536]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered February 28, 2006, which denied defendants' motion for summary judgment dismissing the third amended complaint, unanimously modified, on the law, to grant the motion to the extent of dismissing the fourth cause of action alleging tortious interference with prospective business relations, and otherwise affirmed, without costs.

Plaintiff, a retail jeweler, and the corporate defendant (Rolex) entered into an Official Rolex Jeweler Agreement (the ORJ

Agreement), dated April 3, 2000, setting certain terms and conditions for Rolex's filling of plaintiff's future orders for Rolex merchandise and for plaintiff's retail sale of such merchandise. Plaintiff's principal alleges that the individual defendants, who were employed by Rolex as sales managers, demanded that plaintiff make extracontractual cash payments to them to ensure that plaintiff would have access to the full range of Rolex merchandise and that its orders would be filled in a timely fashion. After Rolex terminated the ORJ Agreement, plaintiff commenced this action, in which it alleges that the individual defendants caused Rolex to punish plaintiff for its resistance to their illegal demands by not processing certain orders by plaintiff's customers and unreasonably delaying the filling of other orders, thereby causing plaintiff to lose sales commissions and customers.

Even assuming the truth of plaintiff's allegations, defendants were entitled to summary judgment dismissing the claim for tortious interference with prospective business relations because there is no evidence that the alleged tortious conduct was directed at third parties, i.e., plaintiff's customers (see Carvel Corp. v Noonan, 3 NY3d 182, 192 [2004]). However, the motion court correctly declined to render summary judgment dismissing the cause of action against Rolex for breach of the implied covenant of good faith and fair dealing. Although the ORJ Agreement made the acceptance of plaintiff's orders and the timing of deliveries subject to Rolex's discretion, the implied covenant obligated Rolex to exercise such discretion in good faith, not arbitrarily or irrationally (see Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995]; Outback/Empire I, Ltd. Partnership v Kamitis, Inc., 35 AD3d 563 [2006]). Plaintiff's allegations therefore raise a triable issue of fact as to whether Rolex's discretion under the ORJ Agreement was exercised in bad faith, and, if so, whether plaintiff was damaged thereby. Concur—Tom, J.P., Friedman, Nardelli, Catterson and Malone, JJ.