■ DELTA DALLAS ALPHA CORP., Doing Business as BRIDGE-WATERS, Respondent, v SOUTH STREET SEAPORT LIMITED PART-

NERSHIP et al., Appellants. [4 NYS3d 510]—Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 17, 2013, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for leave to amend the complaint to add a cause of action for breach of the implied covenant of good faith and fair dealing as against defendant South Street Seaport Limited Partnership (SSSLP) based on SSSLP's commencement of an action to recover rent under a promissory note and a nonpayment proceeding to evict plaintiff, and to add The Howard Hughes Corporation (HHC) as a defendant and assert a cause of action for intentional interference with contractual relationship against it, unanimously affirmed, with costs.

Plaintiff's failure to submit an affidavit of merit in support of its motion to amend is not fatal to the motion; plaintiff need only show that the proposed amendment is not palpably insufficient or clearly devoid of merit (see *MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499 [1st Dept 2010]).

To the extent the claim for breach of the implied covenant of good faith and fair dealing is based on SSSLP's commencement of an action to recover rent under a promissory note and a nonpayment proceeding to evict plaintiff, it is not duplicative of the breach of contract claims since it is based on allegations different from those underlying the contract claims and does not implicate the lease (see *Logan Advisors, LLC v Patriarch Partners, LLC*, 63 AD3d 440 [1st Dept 2009]). Further, the complaint alleges that SSSLP commenced the promissory note action and nonpayment proceeding to get plaintiff out of the premises, as part of a plan to redevelop the area and charge higher rents, i.e. in bad faith (see *Maddaloni Jewelers, Inc. v Rolex Watch U.S.A., Inc.*, 41 AD3d 269 [1st Dept 2007]; *Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 302 [1st Dept 2003]).

At this pleading stage, it cannot be determined whether the claim of intentional interference with contractual relationship against HHC is precluded by HHC's economic justification defense (see *Foster v Churchill*, 87 NY2d 744, 750-751 [1996]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.