Colon v Site A - Wash. Hgts. (2022 NY Slip Op 03173)





Colon v Site A - Wash. Hgts.


2022 NY Slip Op 03173


Decided on May 12, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 12, 2022

Before: Gische, J.P., Scarpulla, Mendez, Shulman, Higgitt, JJ. 


Index No. 159922/15, 595036/17 Appeal No. 15930 Case No. 2021-03987 

[*1]Jose Colon, Plaintiff-Respondent,
v
Site A - Washington Heights, Defendant-Appellant.
Site A - Washington Heights et al., Third-Party Plaintiffs-Appellants,
v
Aids Service Center of Lower Manhattan, Inc. Doing Business as Aids Service Center, Third-Party Defendant-Respondent.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants.
Hach & Rose, LLP, New York (Brandon Cotter of counsel), for Jose Colon, respondent.
Brownell Partners PLLC, New York (Chelsea A. Kearney of counsel), for Aids Service Center of Lower Manhattan, Inc., respondent.



Order, Supreme Court, New York County (Richard G. Latin, J.), entered April 9, 2021, which, to the extent appealed from as limited by the briefs, denied the motion of defendant/third-party plaintiff Site A-Washington Heights and third-party plaintiffs TP4 Housing Development Fund Company, Inc. and Manhattan North Management Co., Inc. (collectively, Site A) for summary judgment dismissing the complaint and for summary judgment on their third-party claims for contractual indemnification against third-party defendant AIDS Service Center of Lower Manhattan, Inc. doing business as AIDS Service Center (collectively, ASCNY), and granted plaintiff's cross motion for leave to amend the complaint, unanimously modified, on the law, to grant Site A's motion for summary judgment dismissing the complaint and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
The court providently exercised its discretion in granting plaintiff's motion for leave to amend the complaint to correct the date of the accident. The amendment did not result in any prejudice or surprise to Site A and was not palpably insufficient or patently devoid of merit (see Delta Dallas Alpha Corp. v South St. Seaport L.P., 127 AD3d 419, 420 [1st Dept 2015]).
However, the court should have granted Site A's motion for summary judgment. Site A made a prima facie showing of entitlement to summary judgment based on the storm-in-progress doctrine, because the meteorological data, its expert meteorological affidavit, and plaintiff's deposition testimony annexed to its moving papers establish that there was a storm in progress when the accident occurred (see Lowenstern v Sherman Sq. Realty Corp., 165 AD3d 432, 432 [1st Dept 2018], lv denied 33 NY3d 906 [1st Dept 2019]; Mitchell v Davidson, 164 AD3d 1160 [1st Dept 2018]; Powell v MLG Hillside Assoc., 290 AD2d 345, 345 [1st Dept 2002]). Plaintiff testified at his deposition that "it was snowing real heavy" when he arrived at the property on the morning of the accident at about 8:35 a.m., that it was snowing "a little bit" when he left the property later on that afternoon at around 12:40 p.m., and that it was still snowing when he slipped and fell on the driveway as he was returning to the property at about 1:45 p.m. because there was ice underneath the snow. Although the burden shifted to plaintiff to establish that Site A created the alleged condition or made it more hazardous by attempting to remove the precipitation from the driveway about five hours before he fell, plaintiff failed to meet that burden as he submitted no expert affidavit explaining how Site A, by not salting or sanding the area before the accident, could have created or exacerbated the naturally occurring ice condition (see Sevilla v Calhoun Sch., Inc., 127 AD3d 446, 446-447 [1st Dept 2015]; cf. Garcia v New York City Tr. Auth., 40 AD3d 399, 399-400 [1st Dept 2007]).
As to Site A's motion for summary judgment on its third-party contractual indemnification [*2]claims against ASCNY, we find that Site A's failure to submit the October 3, 2019 order does not require dismissal of the appeal because this Court may take judicial notice of that order even though the order is outside the record on appeal (see Samuels v Montefiore Med. Ctr., 49 AD3d 268 [1st Dept 2008]). Nonetheless, based on this unappealed order, Site A is legally responsible for maintaining the driveway where plaintiff's accident occurred as it was not part of the demised premises for which ASCNY was contractually obligated to maintain under the lease. Thus, Site A is not entitled to summary judgment on its third-party claim for contractual indemnification against ASCNY.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2022