FPG Maiden Lane, LLC v Bank Leumi USA (2022 NY Slip Op 07150)

FPG Maiden Lane, LLC v Bank Leumi USA

2022 NY Slip Op 07150

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Renwick, J.P., Shulman, Rodriguez, Higgitt, JJ. 

Index No. 653584/20 Appeal No. 16909 & M-4418 Case No. 2021-01115 

[*1]FPG Maiden Lane, LLC, et al., Plaintiffs-Respondents,
v
Bank Leumi USA et al., Defendants-Appellants.

Thompson Coburn Hahn & Hessen LLP, New York (Steven J. Mandelsberg of counsel), for appellants.
Olshan Frome Wolosky LLP, New York (Thomas J. Fleming of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about March 5, 2021, which denied defendants' motions to dismiss the complaint pursuant to CPLR 3211, unanimously modified, on the law, to grant the motions as to the first through third causes of action, and otherwise affirmed, without costs.
In the first cause of action, FPG Maiden Lane, LLC alleges that Bank Leumi USA (BLUSA) fraudulently induced it to enter into the third amendments to two loan agreements by misrepresenting that the lenders (BLUSA and defendant Harel-Maiden Lane-General Partnership) would be flexible about a temporary certificate of occupancy (TCO) deadline and fund requests for advances if the budget for the building that FPG was constructing was out of balance.
To the extent the fraud claim is based on BLUSA's promises about the TCO deadline, it fails to state a cause of action because it is flatly contradicted by section 17 of the third amendments (see Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011] ["[A] party . . . cannot be said to have justifiably relied on a representation when that very representation is negated by the terms of a contract executed by the allegedly defrauded party"]; see also e.g. Glenfed Fin. Corp., Commercial Fin. Div. v Aeronautics & Astronautics Servs., 181 AD2d 575, 576 [1st Dept 1992], lv dismissed 80 NY2d 893 [1992]). Defendants may raise this argument for the first time on appeal, because "support for [their] argument can be found within the four corners" of the third amendments, "which was part of the record below" (Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408-409 [1st Dept 2009]).
To the extent the fraud claim is based on a promise that the lenders would fund requests for advances if the budget for the building was out of balance, that promise is reflected in section 8.4 of the third amendments. Thus, it is duplicative of the breach of contract claim (see e.g. New York City Waterfront Dev. Fund II, LLC v Pier A Battery Park Assoc., LLC, 206 AD3d 565, 566 [1st Dept 2022]; ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC, 50 AD3d 397, 398 [1st Dept 2008]). Because we are dismissing the fraud claim, we also dismiss the second cause of action for civil conspiracy to commit fraud, as that claim "stands or falls with the underlying" fraud claim (Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010] [internal quotation marks omitted]).
The third cause of action for negligent misrepresentation fails because the borrower-lender relationship between the parties here does not constitute the special relationship required to support the claim (see e.g. Korea First Bank of N.Y. v Noah Enters., Ltd., 12 AD3d 321, 323 [1st Dept 2004], lv denied 4 NY3d 710 [2005]; New York City Waterfront, 206 AD3d at 567).
The complaint states claims for breach of contract (fourth and fifth causes of action). Contrary to defendants' contention, the complaint [*2]alleges that FPG submitted requests for advances before June 2020, i.e., before the TCO default. Furthermore, if an event of default was created by the lenders' refusal to lend, they cannot rely on it to their benefit (see VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 195 [1st Dept 2019]). As for defendants' arguments based on section 1.3(d)(iii) of the building loan agreement, that section requires BLUSA to make a "reasonabl[e]" determination that construction would not be timely completed or would not be completed lien-free and within budget. Given BLUSA's discretion, the implied covenant of good faith and fair dealing obligated it "to exercise such discretion in good faith, not arbitrarily or irrationally" (Maddaloni Jewelers, Inc. v Rolex Watch U.S.A., Inc., 41 AD3d 269, 270 [1st Dept 2007]).
The lenders contend that the declaratory judgment claims (sixth through eighth causes of action) should be dismissed because the guaranties are absolute and unconditional and they waive all defenses (except payment and performance), counterclaims, and offsets. These arguments are unavailing.
As Supreme Court pointed out, the parties could have drafted the guaranties to waive all claims instead of just counterclaims, offsets, and defenses (see Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 277 [2011] ["[C]ourts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include"] [internal quotation marks omitted]). As for the argument that the guaranties are absolute and unconditional, it does not foreclose what plaintiffs are alleging here, i.e., that it was the lenders' wrongful conduct, after execution of the guaranties, that "triggered the event that accelerate[d] or cause[d] the guarantor[s'] liability" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 496 [2015]).
Because we have dismissed the first and second causes of action, and they are the only claims against defendants Bank Leumi le-Israel BM and Harel Insurance Investments and Financial Services Ltd., those defendants' arguments about personal jurisdiction are academic. M-4418 — FPG Maiden Lane, LLC et al. v Bank Leumi USA et al.
Motion to dismiss appeal, denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022