| |
|---|
| **Riverside Ctr. Site 5 Owner LLC v Tishman Constr. Corp. of N.Y.** |
| 2024 NY Slip Op 31028(U) |
| March 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652700/2020 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

------------------------------------------------------------------------------------X

RIVERSIDE CENTER SITE 5 OWNER LLC, UNITED
STATES FIRE INSURANCE COMPANY,

Plaintiffs,

- v -

TISHMAN CONSTRUCTION CORPORATION OF NEW
YORK,

Defendant.

------------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652700/2020 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119

were read on this motion to/for               AMEND CAPTION/PLEADINGS                 .

     Plaintiff Riverside Center Site 5 Owner LLC (Riverside) moves pursuant to CPLR 3025(b) to amend the complaint to add facts concerning: (1) Trimco; (2) the water incident; (3) the safety program; (4) engineering and architectural services; and (5) subcontractors. (NYSCEF Doc. No. [NYSCEF] 95, Proposed Verified Second Amended Complaint.)

     For the reasons stated on the record on March 26, 2024, Riverside's motion to amend is granted. Defendant Tishman Construction Corporation of New York (Tishman) shall file an answer by April 16, 2024. If there are no counterclaims, the note of issue shall be filed by April 19, 2024. If counterclaims are filed, then Riverside shall respond by May 3, 2024. Riverside shall file the note of issue by May 10, 2024. Any summary judgment motions must be filed within 30 days of the filing of the note of issue; no cross-motions. Riverside shall submit the transcript to be so ordered.

     "Leave to amend the pleadings shall be freely given absent prejudice or surprise resulting directly from the delay." (*McCaskey, Davies and Assocs., Inc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983] [internal quotation marks and citations omitted].)

     Tishman's objections to the motion are meritless. "Mere lateness is not a barrier to granting the motion to amend. It must be lateness coupled with significant prejudice to the other side. (*Edenwald Contracting Co., Inc. v City of New York*, 60 NY2d 957,

**652700/2020 RIVERSIDE CENTER SITE 5 vs. TISHMAN CONSTRUCTION**
**Motion No. 003**

959 [1983] [Internal quotation marks and citation omitted].) First, Riverside's motion to amend filed on August 24, 2023 is timely. Fact discovery was to be completed prior to December 2022, but Tishman did not respond to Riverside's requests until March 2023, and it was a large volume of documents. (NYSCEF 108, Pia E. Riverso[1] aff ¶3.) It was not until August 21, 2023 that Tishman produced its policy. (*Id*.) The last case management order directed expert discovery to close on August 30, 2023 with the note of issue to be filed on August 31, 2023. (NYSCEF 89, Order at 1-2.) The parties engaged in mediation which was delayed for two months while Tishman's professional liability carrier reviewed Riverside's claims. (NYSCEF 108, Riverso aff ¶4.) Judge Ramos (ret.) unsuccessfully mediated the matter on July 26, 2023. (*Id*.) Riverside provided Tishman with a copy of the proposed amended complaint on August 15, 2023. (*Id*.) Accordingly, Tishman was aware of the new allegations on August 29, 2023, when it conducted the deposition of George Fink, Riverside's expert on the impact of the water incident on the project's schedule. (*Id*. ¶¶11-12.) There was no prejudice from the timing of Riverside's motion to amend.

Second, Tishman fails to establish prejudice as to the new allegations concerning: (1) Trimco; (2) the water incident; (3) the safety program; (4) engineering and architectural services; and (5) subcontractors, which were mentioned in the Amended Complaint, but expanded upon in the proposed Second Amended Complaint. Further, there is no prejudice or surprise when the opponent to the motion to amend a complaint was aware of the facts underlying the amendments whether from the initial complaint or through discovery. (*See Howard v Chalk*, 58 AD2d 526, 526 [1st Dept 1977].) Tishman's strategic decision not to conduct a deposition of a Riverside witness or any third party witnesses will not be rewarded. Likewise, having failed to comply with the court's scheduling orders, Tishman cannot use this motion to amend to skirt the court's preclusion order. (NYSCEF 40, June 13, 2022, Case Management Order.)

(1) The Amended Complaint includes Trimco allegations (NYSCEF 93, Amended Complaint ¶¶63-78, 104-119), but Riverside became aware of the newly proposed allegations at depositions that were taken on October 13, 2022, and December 1, 2022. (NYSCEF 92, Riverso aff ¶¶14, 19-20.)

(2) The water incident occurred in March 2017 and Riverside litigated the issue with its insurer. (NYSCEF 108, Riverso aff ¶10.) Indeed, Richard Ortiz, Tishman's Senior Project Manager for the Riverside Project, was deposed in June 2021 for that insurance litigation demonstrating Tishman's knowledge of the incident. (*Id*.) The Amended Complaint includes allegations about the

---

[1] Riverso is plaintiffs' counsel. (NYSCEF 108, Riverso aff ¶1.)

**652700/2020 RIVERSIDE CENTER SITE 5 vs. TISHMAN CONSTRUCTION**
**Motion No. 003**

**Page 2 of 4**

2 of 4

curtain wall and water incident.  (NYSCEF 93, Amended Complaint ¶¶79[e], 87-90.)  Tishman had the opportunity to examine Riverside's expert Fink "on his reports and conclusions submitted in the litigation between Riverside and its insurer arising out of the water incident." (NYSCEF 108, Riverso aff ¶12.)  Todd Mayo of Capital Project Management, Inc., Tishman's Scheduling Expert, analyzed the impact of the water incident.  (*Id.* ¶13.)

(3) Riverside initially asserted gross negligence.  (NYSCEF 93, Amended Complaint ¶¶185-189.)  In January 2023, Riverside produced its expert report to Tishman on site safety with a section entitled "'Tishman Failures'" which identifies 193 personal injury claims made against the Project.  (NYSCEF 108, Riverso aff ¶14.)  While Tishman did not conduct depositions of witnesses, Tishman deposed Fink "on his conclusions regarding Tishman's failures with respect to safety at the Project." (*Id.* ¶¶15, 16.)

(4) Riverside challenges Tishman's management failures that resulted in the steel subcontract delay and the design and construction defects in the curtain wall.  (NYSCEF 93, Amended Complaint ¶79 (a)(b)( c ).  Riverside deposed Tishman's employees: Richard Ortiz, Eric Reid, and Mike Carriero rarding supervision of professionals.  (NYSCEF 108, Riverso aff ¶17.)  For example, during his October 28, 2022 deposition, Ortiz stated that "defects at the top of the house, at the top floors of the building, relating to the curtain wall work" have been discovered, which defects "relate to the design of the rain screen panels at the roof level." (*Id.* ¶18.)  Additionally, Riverside's expert "opined on Tishman's failure to properly manage these scopes of Work and the resulting delays." (*Id.* ¶19.)

(5) Finally, the Amended Complaint includes allegations regarding Tishman's failure to prosecute insurance claims against defaulting subcontractors.  (NYSCEF 93, Amended Complaint ¶¶79, 85-86.)  Riverside learned further details about Tishman's alleged failure to prosecute such claims during October 13, 2022 and December 1, 2022 depositions of Tishman witnesses.  (NYSCEF 108, Riverso aff ¶¶7, 21.)  For example, Riverside learned about Tishman's failure to respond to insurer inquires and about five other subcontractor defaults which Riverside seeks to add to the complaint.  (*Id.*)  Tishman cannot deny its knowledge of these five defaulting (*Sefina Industries Limited v. Tishman Construction Corporation of New York, et al.*, Supreme Court, New York County, Index No. 160375/2018) nor that Riverside's action partially arose from the work of those subcontractors.  (*Id.* ¶28.)

**652700/2020   RIVERSIDE CENTER SITE 5 vs. TISHMAN CONSTRUCTION**
**Motion No.  003**

Page 3 of 4

3 of 4

[* 3]

Tishman shall file an answer. Since Riverside has not added any new claims, there is no basis for a motion to dismiss which should have been raised on this motion in any case. (*Ancrum v St. Barnabas Hosp.*, 301 AD2d 474, 475 [1st Dept 2003] ["We have consistently held ... that in an effort to conserve judicial resources, an examination of the proposed amendment is warranted" (citations omitted)].) Tishman's objection to Riverso's affidavit is rejected since Riverside submits deposition testimony through the Riverso affirmation. (*Delta Dallas Alpha Corp. v S. St. Seaport LP*, 127 AD3d 419, 420 [1st Dept 2015].) Moreover, the proposed Second Amended Complaint is verified. (*A&J concrete Corp. v Arker*, 54 NY2d 870, 872 [1981].)

<u>    3/27/2024    </u>
**DATE**

202403272084822AMASLEYC760B73EDA004216A9F67B5273ACE900

<u>                                        </u>
**ANDREA MASLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652700/2020   RIVERSIDE CENTER SITE 5 vs. TISHMAN CONSTRUCTION**
Motion No.  003

**Page 4 of 4**

4 of 4