SALVATORE VAVOLIZZA, Respondent, *v.* THEODORE KRIEGER, Appellant.

First Department, October 24, 1972.

*James G. Eberz* of counsel (*Joel H. Lichtenstein,* attorney), for appellant.

*Salvatore Vavolizza,* respondent in person.

STEUER, J. Plaintiff was indicted in the United States District Court in 1963, charged with fraudulently obtaining immigration visas and conspiracy to do so. In 1968 he came to trial and was represented by defendant. In the course of the trial he pleaded guilty to conspiracy and one substantive count of the indictment. Prior to sentence he changed attorneys and defendant no longer represented him. At his sentence he made statements indicating that he was not in fact guilty, but he declined a suggestion from the court that he withdraw his plea. He was fined $7,500 and placed on probation for one year. Six months later he moved to vacate the plea on the ground that it was not entered voluntarily but was due to the coercion of his then counsel, the defendant herein. The motion was denied. This action seeks damages for malpractice consisting of coercing him into pleading guilty.

This motion is to dismiss the complaint on the ground of *res judicata* or collateral estoppel. The prior judicial determination relied upon to establish the collateral estoppel is the denial of the motion to withdraw the plea. The basis of collateral estoppel is that where a party has had full opportunity to prove the issue in a prior proceeding and has failed to do so, he may not relitigate the question (*Good Health Dairy Prods. Corp.* v. *Emery,* 275 N. Y. 14, 18; *Commissioners of State Ins. Fund* v. *Lowe,* 3 N Y 2d 590; *Hinchey* v. *Sellers,* 7 N Y 2d 287). It is not

necessary that the party invoking the defense be a party to the prior proceeding (*Israel* v. *Wood Dolson Co.*, 1 N Y 2d 116). In order to prevail it is incumbent on the party urging the defense to show (1) that the operative facts were in issue on the prior proceeding, (2) that they were decided adversely to the present complaint of the plaintiff, and (3) that the plaintiff had full opportunity to establish those facts in the prior proceeding. Addressing ourselves to those requisites in order, we find that it appears as a matter of record that one of the grounds urged on the motion to withdraw was that the plea was not entered voluntarily but was the result of counsel's pressure. The counsel referred to was the present defendant. That issue and the issue presented here are identical. Secondly, the court (TENNEY, U. S. Dist. J.) specifically found that the plaintiff here "had not been threatened or coerced into entering his plea, but was doing so voluntarily." Certainly this is a finding directly negating the operative contention in this suit. Lastly, it is not disputed that full opportunity to prove his contentions was afforded to plaintiff here.

Despite the presence, as shown, of all the elements requisite to establish the defense, it is urged that it should not apply here. The first contention is that there was no hearing on the motion to withdraw the plea. This is correct to the extent that no testimony was taken. It is not essential that there should be. On that question the learned District Court found: "Nor do petitioner's assertions that he was pressured by counsel to plead guilty require a hearing in view of the fact that such assertions were negatived by his own prior declarations before this Court, *United States* v. *Shillitani* [16 F. R .D. 336, 340] and totally contradicted by the record and petitioner's conduct at sentencing."

It is also urged that the principle of collateral estoppel cannot be applied where the prior determination was in a criminal prosecution rather than in a civil action. Research has not revealed any expression of such an exception. In fact the contrary has been indicated. In *People* v. *Lo Cicero* (14 N Y 2d 374), the court considered whether collateral estoppel could be invoked against the People as a result of a prior determination in the United States District Court. It was there held that as the State of New York had no opportunity to prove its contentions in the Federal action the doctrine could not apply. But there is every indication that where all of the elements are present it would (see p. 380). A very significant conclusion can be drawn from the learned opinion of POUND, J., in *Schindler* v. *Royal Ins. Co.* (258 N. Y. 310) decided in 1932. In that case the

plaintiff was suing on a policy of fire insurance. He had previously been convicted of presenting a false and fraudulent proof of loss. The defendant pleaded the conviction as a bar to the action. The opinion refers to the then current distinction between the effect of criminal and civil judgments and concludes that the historical reasons for distinction had substantially disappeared over the years. However, the court did not apply the principle of collateral estoppel despite its conclusion that a recovery would be illogical and would discredit the administration of justice.* However, the court decided the conviction was not a bar, because of the doctrine that estoppel could not apply as there was no mutuality of estoppel. Of course, mutuality is no longer a consideration. Absent this consideration, a different result could have been expected. Since that time the question, as far as is known, has not been presented to the Court of Appeals. But the ever widening scope of the related question of the admissibility of the fact of conviction to establish the facts in a civil action (see *Ando* v. *Woodberry,* 8 N Y 2d 165) shows a progression towards a contrary holding.

The order entered December 15, 1971 (WALTEMADE, J.) should be reversed on the law with costs and judgment entered for defendant dismissing the complaint.

MARKEWICH, J. (dissenting). I dissent and would affirm the denial at Special Term of the motion to dismiss. I assume the validity of the criteria set out in the majority opinion as applicable to a showing of collateral estoppel by the defendant. But the very first stated test has not been met: '' that the operative facts were in issue on the prior proceeding.'' Whatever the label placed on the alleged malpractice, threat or coercion, its essential core seems to be just plain bad legal advice to take a plea of guilty. This is not to say that the advice was either good or bad, but plaintiff might, given the opportunity, be able to prove that he had available a good defense to the indictment. The point is that, there not having been a hearing except technically, we do not know.

Which leads to the second test: decision adverse to the present complaint. What is quoted as that decision is, again, the finding against threat or coercion. Reading the complaint as a whole, it charges, in effect, that defendant did not use his legal skills properly in his client's behalf. The '' coercion '' was merely the

---

* This is derived from a Virginia case, *Eagle, Star & British Dominions Ins. Co.* v. *Heller* (149 Va. 82, 111) quoted with approval. While the Court of Appeals approved the sentiment, it did not follow, for the reason indicated, the holding.

450

process by which the lawyer told his client what to do. In this context, it is not necessary to speak to the third test: failure to take advantage of the opportunity afforded to establish the facts. It may be observed, however, that plaintiff's exercise of poor judgment, when he had new counsel, in not taking advantage of the court's offer to grant an application to withdraw the plea, should not relieve defendant of the charge of malpractice, said to have been committed earlier.

In short, we should not invoke collateral estoppel when so many doubts exist as to whether what happened earlier should operate now as a bar to plaintiff's claim. The facts relied on to establish estoppel should be established far more clearly and convincingly than they are here.

Stevens, P. J., and Kupferman, J., concur with Steuer, J.; Markewich, J., dissents in an opinion in which McGivern, J., concurs.

Order, Supreme Court, Bronx County, entered on December 15, 1971, reversed, on the law, the motion granted and the complaint dismissed. Appellant shall recover $60 costs and disbursements of this appeal.