In re TEXACO INC. SHAREHOLDER DERIVATIVE LITIGATION.

Nathan Kaplan, Plaintiff,

William C. Rand, Esq., Objector–Appellant,

v.

Texaco, Inc., Defendant–Appellee,

Edith CITRON, Martin H. Philip, derivatively on behalf of Texaco Inc., Plaintiffs–Appellees,

Robert A. Beck, Peter I. Bijur, John Brademas, Willard C. Butcher, Edmund M. Carpenter, Alfred C. Decrane, Jr., Michael C. Hawley, Franklyn G. Jenifer, Allen J. Krowe, Thomas S. Murphy, Charles H. Price, II, Robin B. Smith, William C. Steere, Jr., Thomas A. Vanderslice, William Wrigley, Robert Ulrich, J. David Keough, Richard A. Lundwall, Defendants.

Docket No. 01–7005.

United States Court of Appeals, Second Circuit.

Jan. 29, 2002.

---

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

William Rand, c/o Coudert Bros., N.Y., NY, for Appellant.

Arthur R. Miller, Cambridge, MA, for Plaintiffs–Appellees.

Stephen A. Radin, Weil, Gotshal & Manges, N.Y., NY, for Defendant–Appellee.

Present JON O. NEWMAN, AMALYA L. KEARSE, Circuit Judges, and JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel for appellant and plaintiffs-appellees, and was submitted by counsel for defendant-appellee.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.

Objector William C. Rand appeals from an order of the United States District Court for the Southern District of New York, Charles L. Brieant, *Judge,* denying his motion for $140,000 in attorneys' fees in connection with his successful appeal in *Kaplan v. Rand,* 192 F.3d 60 (2d Cir.1999) ("*Kaplan I*"). The district court denied the motion on the ground, *inter alia,* that, having been filed more than 14 days after the entry of an amended judgment following the remand in *Kaplan I,* the motion was untimely under Fed.R.Civ.P. 54(d). On appeal, Rand contends that all of the grounds on which the district court denied his motion were erroneous, and he argues, *inter alia,* that the Rule should not be applied to one who seeks attorneys' fees

following a successful appeal leading to the entry of an amended judgment. We agree with the district court's ruling that the motion was untimely; and finding no basis for relieving Rand from the constraints of the Rule, we affirm.

Under the Federal Rules of Civil Procedure, a party seeking attorneys' fees must do so "by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed. R.Civ.P. 54(d)(2)(A). Such a motion "must be filed and served no later than 14 days after entry of judgment" unless otherwise provided by statute or by order of the court. Fed.R.Civ.P. 54(d)(2)(B).

The district court did not err in holding that Rule 54(d)(2)(A) was applicable here. This was a shareholder derivative action; Rand's status was that of objector to any award of attorneys' fees in connection with a settlement that conferred no benefit on the corporation. Rand's own entitlement to attorneys' fees for successfully objecting to the fee award plainly was not an element of the damages to be proven at a trial of the derivative claims. Nor did the district court err in concluding that Rand's motion was untimely under Rule 54(d)(2)(B). Following Rand's successful appeal in *Kaplan I,* the amended judgment was entered in the district court on November 17, 1999. Rand did not file his motion for fees until October 30, 2000, some 11 months past Rule 54(d)'s deadline. The record reveals no excuse for the delay, and we see no error in the denial of his motion.

We have considered all of Rand's contentions on this appeal and have found in

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

them no basis for reversal. The judgment of the district court is affirmed.

No costs.