219 F.Supp.2d 657 (2002)
In re WESTINGHOUSE SECURITIES LITIGATION.
This document relates to the derivative action.
Daniel Mogell, in his capacity as a shareholder, suing derivatively and individually, Plaintiff,
v.
Barbara H. Franklin, et al., Defendants, and
CBS Corporation, f/k/a Westinghouse Electric Corporation, Nominal Defendant.
Civil Action Nos. 91-354, 99-596.
United States District Court, W.D. Pennsylvania.
August 16, 2002.
David J. Manogue, Spector, Sepctor, Evans & Manogue, Pittsburgh PA, Deborah R. Gross, Law Offices of Bernard M. Gross, Philadelphia, PA, Arthur N. Abbey, Joshua N. Rubin, Abbey Gardy, LLP, New York City, Michael P. Malakoff, Malakoff, Doyle & Finberg, Pittsburgh, PA, Nita M. Fandray, Law Offices of Alfred G. Yates, Jr., Pittsburgh, PA, Jules Brody, Melissa R. Emert, Stull, Stull & Brody, New York City, Richard D. Greenfield, Mark C. Rifkin, Greenfield & Rifkin, Haverford, PA, for Albert Zucker, Stanley Hershfang, Jacob Joseph Miller, Toby Feuer, Spring Creek Cardio-Medical Associates, Inc., Gloria Bertinato.
Alfred G. Yates, Jr., Nita M. Fandray, Law Offices of Alfred G. Yates, Jr., Pittsburgh, PA, Richard D. Greenfield, Mark C. *658 Rifkin, Greenfield & Rifkin, Haverford, PA, Donald P. Alexander, Bryn Mawr, PA, for Joseph H. Levit.
Alfred G. Yates, Jr., Law Offices of Alfred G. Yates, Jr., Pittsburgh, PA, for George M.D. Richards.
David J. Manogue, Specter, Specter, Evans & Manogue, Pittsburgh, PA, Arthur N. Abbey, Joshua N. Rubin, Abbey Gardy, LLP, New York City, Jules Brody, Melissa R. Emert, Stull, Stull & Brody, New York City, for Michael Christner.
David J. Manogue, Howard A. Specter, George G. Mahfood, Spector, Sepctor, Evans & Manogue, Pittsburgh PA, Arthur N. Abbey, Joshua N. Rubin, Abbey Gardy, LLP, New York City, Jules Brody, Melissa R. Emert, Stull, Stull & Brody, New York City, for Louise M. Jacob, Patricia J. VanArtsdalen, Arnold M. Jacob, Michael E. Nogay, Nathan Kleinhandler, Dr. Michael Slavin, Richard Schwarzachild, Thomas Mitchel, Joseph Raschak, Donald H. McLennan, Ruth Stepak, Gerry Krim.
Howard A. Specter, George G. Mahfood, Spector, Sepctor, Evans & Manogue, Pittsburgh PA, for Margaret Alessi, Ronald Goldstein.
Joseph A. Katarincic, Eugene Illovsky, Thorp, Reed & Armstrong, James D. Morton, Arthur J. Schwab, Mark D. Shepard, Stanley Yorsz, Thomas L. Van Kirk, Buchanan Ingersoll, Leonard Fornella, John H. Riordan, Jr., Polito & Smock, J. Tomlinson Fort, Reed, Smith, Shaw & McClay, Vanessa J. Brown, Pittsburgh, PA, Dennis J. Block, Stephen A. Radin, Mary Lou Peters, Weil, Gothal & Manges, Robert E. Zimet, Peter Overs, Susan L. Saltzstein, William J. Sushon, Angela G. Garcia, Skadden, Arps, Slate, Meagher & Flom, Rodman W. Benedict, Price Waterhouse, New York, NY, Daniel P. Lynch, Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray, Philadelphia, PA, Frank Cicero, Jr., Robert J. Kopecky, Jeffrey L. Willian, Anne J. McClain, Kirkland & Ellis, Chicago, IL, for Defendants and Consolidated Defendants.
Randall C. Schauer, MacElree, Harvey, Gallagher, Featherman & Sebastian, West Chester, PA, for Wayne S. Hardenbrook.
Kerry L. Ezrol, Josias, Goren, Cherof, Doody & Ezrol, Fort Lauderdale, FL, for Stiles West Associates, Ltd, Terry W. Stiles.
John R. Moynihan, Gault Davison, Flint, MI, for City of Flint.
William C. Rand, New York, NY, Pro Se.

MEMORANDUM ORDER
D. BROOKS SMITH, Chief Judge.
The notice of the settlement of this derivative action[1] provided, inter alia, that CBS was to receive $250,000, to be paid by the insurance company that had issued the officers' and directors' policies, that otherwise would have been paid to settle a companion class action securities fraud case. William C. Rand, a practicing attorney in New York and a shareholder of CBS, filed an objection to the settlement of the derivative action. Rand, proceeding pro se, argued that settlement did not confer a benefit upon CBS. Dkt. no. 356. Because there was no benefit, Rand asserted, *659 that the request of plaintiffs' counsel in the derivative action for $750,000 in attorneys' fees should be denied. The settlement was approved at the conclusion of the fairness hearing. Subsequently, over Rand's objection, I granted, in part, the request for attorneys' fees in a memorandum order dated October 18, 2000. In a pro se appeal, Rand challenged the award of attorneys' fee to plaintiff's counsel in the derivative action.
On September 10, 2001, the Third Circuit determined that the settlement of the derivative litigation did not confer a benefit on CBS. It reversed my order awarding counsel fees and remanded the matter with the instruction to enter an order denying the motion for plaintiffs' counsel's fees.
Within a week after this court received the mandate from the Third Circuit, Rand filed his own motion for attorneys' fees and expenses. Dkt. no. 376. His motion appended a document entitled "Lodestar Time Records of William Coudert Rand." Id., exh. A. The fees were $67,100 and the expenses were $672.59, totaling $67,772.59. Despite this lodestar, Rand requested an award of $250,000, the very same amount that CBS received under the settlement. He asserted in his brief in support that this request was appropriate under the common benefit doctrine because it was one-third of the original $750,000 request by plaintiffs' counsel that Rand had successfully opposed, thereby "creating a fund of $750,000." Dkt. no. 377, at 3-4. As further support for his fee request, Rand cited numerous awards to plaintiff's counsel in class actions creating a common fund, ranging from 21.6% to 53% of the common fund.
Shortly thereafter, a Stipulation between Rand and CBS Corporation was filed, providing that "CBS Corporation shall pay appellant Rand an amount of $95,000." Dkt. no. 379. It further stipulated that "[s]uch payment shall fully and finally settle and dispose of any and all claims that Appellant Rand may have to reimbursement of attorneys' fees and expenses in connection with the appeal." Id. I have yet to endorse that Stipulation. Before endorsing that stipulation, I must determine whether such an award is permissible to a pro se attorney objector who has conferred a benefit upon the corporation.
In determining whether Rand is entitled to a fee award, I begin with the jurisprudence relating to fee awards in derivative actions. It is well settled that
plaintiffs in a shareholder derivative action may ... recover their expenses, including attorneys' fees, from the corporation on whose behalf their action is taken if the corporation derives a benefit, which may be monetary or nonmonetary, from their successful prosecution or settlement of the case.
Shlensky v. Dorsey, 574 F.2d 131, 149 (3d Cir.1978); see also Kaplan v. Rand, 192 F.3d 60, 69 (2d Cir.1999). The authority for this principle dates back to the Supreme Court's decision in Trustees v. Greenough, 105 U.S. 527, 15 Otto 527, 26 L.Ed. 1157 (1881). There, Mr. Vose, one of many bondholders of the Florida Railroad Company, commenced suit against the Trustees of certain realty to set aside fraudulent conveyances, to enjoin further conveyances and to appoint a receiver in an effort to prevent any further waste or destruction of assets. Mr. Vose's efforts were successful, resulting in "a large amount of the trust fund [being] secured and saved." Id. at 529, 15 Otto 527. Near the end of the case, Mr. Vose submitted an account of his expenditures, including, inter alia, attorneys' fees, and a statement of the personal services he rendered over a period of more than eleven years. Eventually, a final order was entered allowing *660 $60,131.96 for "the personal expenses and services of Vose[.]" Id. at 531, 15 Otto 527.
This award was challenged on appeal. The Greenough majority rejected defendant's argument that Mr. Vose was not entitled to an allowance for the expenses and counsel fees incurred in prosecuting the action. Id. at 537, 15 Otto 527. The Court reasoned that
It would be very hard on him to turn him away without any allowance except the paltry sum which could be taxed under the fee-bill. It would not only be unjust to him, but it would give to the other [bondholders] entitled to participate in the benefits of the fund an unfair advantage. He has worked for them as well as for himself; and if he cannot be reimbursed out of the fund itself, they ought to contribute their due proportion of the expenses which he has fairly incurred. To make them a charge upon the fund is the most equitable way of securing such contribution.
Id. at 532, 15 Otto 527.
Courts have recognized that objectors, like shareholders, "are entitled to an allowance as compensation for attorneys' fees and expenses where a proper showing has been made that the settlement was improved as a result of their efforts." White v. Auerbach, 500 F.2d 822, 828 (2d Cir.1974).[2] Thus, "[o]bjectors who successfully challenge plaintiffs' attorneys' fees [in a class action] are entitled to an award of their attorney fees because their arguments have conferred a benefit on the class." In re Horizon/CMS Healthcare Corp. Securities Litigation, 3 F.Supp.2d 1208, 1214 (D.N.M.1998) (citing Gottlieb v. Barry, 43 F.3d 474, 491 (10th Cir.1994), and; Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 854 (10th Cir.1993)); see also Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1051 (9th Cir.2002); Reynolds v. Beneficial Nat'l Bank, 288 F.3d 277, 288 (7th Cir.2002); Shaw v. Toshiba America Information Syst. Inc., 91 F.Supp.2d 942, 973-74 (E.D.Tex.2000); In re Domestic Air Transp. Antitrust Litigation, 148 F.R.D. 297, 359 (N.D.Ga.1993); In re Anchor Secur. Litigation, 1991 WL 53651 (E.D.N.Y. April 8, 1991) (denying fees requested by objector's counsel because counsel's efforts clouded the issues).
At first blush, it appears that Rand should be entitled to counsel fees. As a pro se attorney objector Rand conferred a definite benefit upon the corporation by successfully challenging the award of attorneys' fee to plaintiff's counsel in the underlying derivative action. Rand represented himself, however. As a result, he did not incur any attorney fees for which he is personally responsible. Thus, an award of attorney's fees would not compensate him for expenses incurred in initially objecting and subsequently prosecuting the appeal.
Although denying Rand fees for his own services may seem harsh, it is consistent with Greenough. 105 U.S. at 537, 15 Otto 527. There, the Supreme Court readily agreed that Mr. Vose was entitled to reimbursement for his expenses, including counsel fees. It objected, however, to the award of $2500 a year for ten years of personal service in prosecuting that action, stating
We can find no authority whatever for any such charge by a person in his situation.... It would present too great a temptation to parties to intermeddle in *661 the management of valuable property or funds in which they have only the interest of creditors, and that perhaps only to a small amount, if they could calculate upon the allowance of a salary for their time and of having all their private expenses paid. Such an allowance has neither reason nor authority for its support.
Id. at 530, 537-38, 15 Otto 527. Although more than a hundred years have passed since the Supreme Court issued its decision in Greenough, there is still a dearth of authority favoring Rand's request for remuneration for his personal services.
Additional support for denying Rand's request may also be found in the Supreme Court's decision in Kay v. Ehrler, 499 U.S. 432, 436-37, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), which held that an attorney, who successfully represented himself in a civil rights action, was not entitled to attorney's fees under 42 U.S.C. § 1988.[3] In that case, a unanimous Supreme Court concluded that a pro se litigant who was also an attorney should be treated just the same as other pro se litigants who are not entitled to attorney's fees. It reasoned that § 1988's use of the word attorney
assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988. Although this section was no doubt intended to encourage litigation protecting civil rights, it is also true that its more specific purpose was to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights.
499 U.S. at 435-36, 111 S.Ct. 1435. The Court concluded the "statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case." Id. at 438, 111 S.Ct. 1435.
Kay is instructive here even though the issue of fees is not based on a fee shifting provision. It is instructive because of its focus on whether there was an agency relationship. In the absence of such a relationship, the Court was unable to find any basis for granting an award of fees to a pro se attorney litigant. This holding has been applied on numerous occasions to deny requests for an award of counsel fees under other statutory fee-shifting provisions by pro se attorney litigants and there is no reason why it should not be applied here as well. See Woodside v. School Dist. of Philadelphia Bd. of Educ., 248 F.3d 129 (3d Cir.2001) (denying the attorney-parent's request for counsel fees under the IDEA's fee shifting provision which was similar to § 1988(b)); Kooritzky v. Herman, 178 F.3d 1315, 1319 (D.C.Cir.1999) (denying claim for attorney's fees under the EAJA made by pro se attorney litigant); Doe v. Board of Educ. of Baltimore County, 165 F.3d 260 (4th Cir.1998) (denying parent-attorney's request for fees under IDEA); Hawkins v. 1115 Legal Service Care, 163 F.3d 684, 694-95 (2d Cir. 1998) (applied Kay in denying attorney's fees request by pro se attorney litigant asserting claims under Title VII and § 1981); Ray v. United States Dep't of Justice, 87 F.3d 1250, 1252 (11th Cir.1996) (denying claim for attorney's fees under FOIA's fee shifting provision to pro se attorney litigant); S.E.C. v. Price Waterhouse, 41 F.3d 805, 808 (2d Cir.1994) (denying pro se attorney litigant's request for fees under the EAJA); Hawthorne v. Citicorp Data Systems, Inc., 216 F.Supp.2d 45 (E.D.N.Y.2002) (denying pro se attorney *662 litigant's request for counsel fees even though he was successful in pursuing claim under Fair Credit Reporting Act); Belmont v. Associates National Bank (Delaware), 119 F.Supp.2d 149 (E.D.N.Y.2000)(denying fees under Trust in Lending Act); Ezra v. BWIA Int'l Airways, Ltd., 2000 WL 1364354 (E.D.N.Y. Sept.8, 2000) (denying fees under 28 U.S.C. § 1447(c) for improvident remand).
Indeed, in In re Texaco Shareholder Derivative Litigation, 123 F.Supp.2d 169, 173 (S.D.N.Y.2000), aff'd 28 Fed.Appx. 83, 2002 WL 126225 (2d Cir. Jan.29, 2002), the district court applied the "logic of Kay and its progeny" as an alternative basis for denying a pro se attorney objector's request for counsel fees.[4] 123 F.Supp.2d at 173. In that case, the district court declared that the objector "did not appear in this case as independent, objective counsel. For that reason alone, payment of attorney's fees in a pro se situation ought to be discouraged[.]" Id. The court further explained that if the objector "were permitted to recover fees in this case, a plaintiff who happened also to be a lawyer would be deterred from retaining competent objective counsel, by the knowledge that he could enrich himself by recovering attorney's fees if he prevails." Id.
In a decision I consider consistent with Greenough, 105 U.S. at 537, 15 Otto 527, and Kay, 499 U.S. at 437, 111 S.Ct. 1435, and their progeny, I decline to approve the stipulation for an award of attorney's fees in the amount of $95,000 to Rand for his personal services.[5] In concluding that Rand is not entitled to an award for his personal services, I have not ignored the fact that "objectors have a valuable and important role to perform in preventing collusive or otherwise unfavorable settlements" in a derivative action. White v. Auerbach, 500 F.2d at 828. As Judge Rosenn recently observed in his dissent in In re Prudential Ins. Co. America Sales Practice Litigation concerning the propriety of sanctioning an attorney who represented several objectors in a class action,
[an] objector plays a highly important role for the class and the court because he or she raises the challenges free from the burden of conflicting baggage that Class Counsel carries. The objecting lawyer independently can monitor the proposed settlement, costs, and fees for Class Counsel and, thus, aid the court in arriving at a fair and just settlement for the members of the class who individually are largely unrepresented.
278 F.3d 175, 202 (3d Cir.2002) (J. Rosenn, dissenting with respect to the imposition of sanctions upon the objector's counsel). Denying fees to a pro se attorney objector, however, does not deter objectors from obtaining counsel to independently evaluate the merits of a settlement and to pursue meritorious objections. Moreover, there are several advantages to a rule that encourages counseled objections in the context of a securities fraud class action or a derivative suit. First, it guarantees that all shareholders, regardless of their status, are treated equally. Second, it ensures that pro se attorney objectors are treated the same as other pro se attorney litigants who are not entitled to an award of fees for their personal services in civil actions *663 which directly involve their interests. Third, a rule encouraging counseled objections discourages the unnecessary involvement of shareholder attorneys who may be tempted to advance garden variety objections because of the prospect of an award of attorney fees for their personal service. See Greenough, 105 U.S. at 537-38, 15 Otto 527 (observing that an award for personal services may be "too great a temptation to parties to intermeddle" in affairs in which they had "only the interest of creditors and that perhaps only to a small amount").
For the above reasons, this 16th day of August 2002, it is hereby
ORDERED AND DIRECTED that the motion of objector for attorney's fees, dkt. no. 376, is DENIED as moot in light of the Stipulation, and the Stipulation for Attorney's Fees, dkt. no. 379, in the amount of $95,000 is DENIED. It is further ORDERED that the motion for objector's expenses, dkt. no. 376, is GRANTED and CBS Corporation shall reimburse objector William C. Rand the amount of $672.59.
NOTES
[1] I am presuming that the reader is familiar with the facts and procedural history of both this derivative action and the securities fraud class action. For that reason, I have not reiterated them here. The facts and procedural history of the derivative action are discussed to an extent in Zucker v. Westinghouse Elec. Corp., 265 F.3d 171, 174 (3d Cir.2001), which concerns the settlement of the derivative action, and particularly the award of attorneys' fees to plaintiff's counsel. The facts and procedural history of the securities fraud class action are set forth in In re Westinghouse Securities Litigation, 90 F.3d 696 (3d Cir. 1996).
[2] The conclusion in White that an objector is also entitled to an allowance for attorneys' fees and expenses was recently embraced by the Third Circuit in In re Cendant Corp. PRIDES Litigation, 243 F.3d 722, 743 (3d Cir.2001) (concluding that attorneys' fees were appropriate for objector, represented by counsel, that successfully appealed attorneys' fee award for class counsel).
[3] Section 1988(b) provides, in relevant part, that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).
[4] The pro se attorney objector was William C. Rand. His motion for fees was denied principally because it was untimely, having been filed almost a year after judgment was entered. Id. at 171. On appeal, the Second Circuit agreed that the motion for fees was untimely and stated that it had "considered all of Rand's contentions on this appeal and have found in them no basis for reversal." In re Texaco Inc. Shareholder Derivative Litigation, 2002 WL 126225 at *1.
[5] Rand's request for his expenses shall be granted consistent with Greenough, 105 U.S. at 537, 15 Otto 527.