■ In the Matter of NEW YORK COUNTY GRAND JURY (JOHN DOE GRAND JURY TESTIMONY). AVI MOSKOWITZ, Appellant; v ROBERT M. MORGENTHAU, as District Attorney of New York County, Respondent. [758 NYS2d 809] —Order, Supreme Court, New York County (Arlene Goldberg, J.), entered on or about October 4, 2002, which denied appellant attorney's motion to quash a grand jury subpoena that required him to disclose the fee arrangements made with a former client in a criminal matter, unanimously affirmed, without costs.

The motion to quash the subpoena was properly denied. Appellant attorney has not established any basis for treating the requested fee information as a privileged communication (*see Matter of Priest v Hennessy,* 51 NY2d 62 [1980]). There is no issue as to the former client's identity, and the fact that the fee information may constitute evidence that the client committed perjury before the grand jury is not a basis for quashing the subpoena. Concur—Buckley, P.J., Andrias, Sullivan, Lerner and Friedman, JJ.

■ WILLIAM C. RAND, Appellant, v TEXACO, INC., Respondent. [758 NYS2d 809] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered January 17, 2002, which granted defendant's motion to dismiss the complaint as barred by the doctrines of res judicata and collateral estoppel, unanimously affirmed, without costs.

Plaintiff's prior federal claim, in which he sought attorney's fees for himself as a result of a successful underlying federal action, was dismissed on the ground of untimeliness and on the merits, which dismissal was affirmed by the Second Circuit on both grounds (*In re Texaco Inc. Shareholder Derivative Litig.,* 28 Fed Appx 83 [2002]). Plaintiff's present claim for attorney's fees is essentially the same claim, arising from the same facts and transactions, and is, therefore, barred by the doctrine of res judicata, even though based on different theories of recovery (*see O'Brien v City of Syracuse,* 54 NY2d 353, 357-358 [1981]). Furthermore, even if not barred by res judicata, plaintiff's claim would be barred by the doctrine of collateral estoppel, since it has already been determined in the prior action that plaintiff's services conferred no benefit on defendant corporation (*see Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455-456 [1985]). Concur—Nardelli, J.P., Sullivan, Friedman, Marlow and Gonzalez, JJ.