Andrew B. SPARK, on behalf of himself and all others similarly situated, Plaintiff,

v.

MBNA CORP., MBNA American Bank, N.A., MBNA Marketing Systems, Inc., Richard K. Struthers, Terrance R. Flynn, David L. McGowan, and Mark C. Sullivan, Defendants.

No. CIV.A.96–497–KAJ.

United States District Court, D. Delaware.

Oct. 30, 2003.

William L. O'Day, Jr., Willig, Williams & Davidson, Wilmington, DE, counsel for plaintiff.

Kathleen Jennings–Hostetter, Oberly & Jennings, Wilmington, DE, counsel for defendants.

John J. Pentz, Sudbury, MA, counsel for movants Cophen E. Sears, III, Daniel J. Hill and Alan Shapiro.

Walter R. Schoettle, Honolulu, HI, pro se movant.

**MEMORANDUM OPINION**

JORDAN, District Judge.

## I. INTRODUCTION

This case involves attorneys' fees in a misrepresentation and fraud class action. Presently before me are the renewed petition of John J. Pentz, Esq. for an award of attorneys' fees (D.I.190) and class counsel's second amended supplemental petition for fees and costs (D.I.204).[1] For the reasons that follow, I will deny Mr. Pentz's petition and grant class counsel's petition for fees and costs.

## II. BACKGROUND

The facts and procedural history of this case are fully set forth in the court's prior opinions and the opinion of the Court of Appeals for the Third Circuit. *See Spark v. MBNA Corp.*, 178 F.R.D. 431 (D.Del. 1998) (granting plaintiff's motion for class certification) (*Spark I*); *Spark v. MBNA Corp.*, 157 F.Supp.2d 330 (D.Del.2001) (approving class action settlement and awarding attorneys' fees to class counsel) (*Spark II*), aff'd, *Spark v. MBNA Corp.*, 48 Fed. Appx. 385, 2002 U.S.App. LEXIS 19594 (3d Cir. Sept.16, 2002). Since I write mainly for the parties' benefit, I will recount only those facts relevant to the instant fee petitions.

On May 24, 2001, the court conducted a Fairness Hearing on the proposed class action settlement. (D.I.154.) At the end of the hearing, the court asked class counsel to submit records showing the amount of time expended and expenses incurred by them in this action, even though class counsel's fee application was based on a percentage of the fund theory. (*Id.* at 30,

---

1. Prior to filing the second amended supplemental petition (D.I.204), class counsel filed a supplemental petition for fees and costs (D.I. 195) and an amended supplemental petition for fees and costs (D.I.199). None of class counsel's fee petitions are opposed by defendants. At this point in the proceedings, class counsel's earlier petitions are moot and I am considering only its second amended supplemental petition (D.I.204) herein.

31.) On June 7, 2001, Mr. Pentz, on behalf of three objectors, filed a supplemental opposition to class counsel's application for attorneys' fees.[2] (D.I.156.) Objectors' opposition pointed out that class counsel's requested lodestar multiplier was 7.4 and stated that, in the Third Circuit, the lodestar multiplier may not exceed 3, citing *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722 (3d Cir.2001) as support. (D.I. 156 at 2.) Class counsel filed on June 18, 2001 the information requested by the court at the Fairness Hearing (D.I.157) and responded to objectors' opposition on June 20, 2001 (D.I.160).

On August 1, 2001, the court approved the class action settlement but rejected class counsel's proposed award for fees and costs.[3] *Spark II*, 157 F.Supp.2d at 346. Specifically, the court performed a cross check of class counsel's proposed percentage award against the lodestar-multiplier method and determined that class counsel's initial request for $1,285,200 in fees and costs was unreasonably high. *Id.* at 341, 346. First, the court noted that class counsel incorrectly calculated its lodestar by adding the total hours worked by partners, associates, law clerks and legal assistants and multiplying it by the hourly billing rate for the senior partners only. *Id.* at 343–44. Using this method, class counsel represented that its requested multiplier was 4.3. *Id.* at 343. However, the court stated that "in calculating counsel's lodestar it is not appropriate to multiply a law clerk or paralegal's billable

hours by the senior partner's billing rate. The objector was correct: the multiplier sought by plaintiff's counsel is in the range of 7.4 and not 4.3." *Id.* at 344. After analyzing various factors, the court determined that "a multiplier of 3 would be appropriate" and awarded class counsel at total of $590,000 in fees and costs. *Id.* at 345–46.

After the court approved the class action settlement and awarded attorneys' fees to class counsel, Mr. Pentz filed a petition for attorneys' fees and an incentive award for each of the three objectors. (D.I.177.) Defendants opposed Mr. Pentz's petition (D.I.179) and plaintiffs filed a motion requesting the court to suspend a decision on the petition pending appeal (D.I.181). The Court of Appeals for the Third Circuit affirmed the court's decision on September 16, 2002.[4] Thereafter, Mr. Pentz filed a renewed petition requesting only attorneys' fees for himself. (D.I.190.) Defendants opposed Mr. Pentz's renewed petition. (D.I.192.) Class counsel also filed a supplemental petition for attorneys' fees for the costs of handling the appeal on behalf of the class. (D.I.204.) Defendants do not oppose class counsel's supplemental petition; however, Mr. Pentz filed an opposition to class counsel's petition on behalf of objector Shapiro. (D.I.206.) On February 23, 2003, counsel for all parties agreed to await the court's decision on the outstanding fee petitions rather than attempting to reach a compromise position.

**2.** Mr. Pentz represents objectors Cophen E. Sears, III, Daniel J. Hill and Alan Shapiro.

**3.** This was not a "traditional common fund case, as the fees will not be paid from a fund and any unclaimed funds from the settlement will be returned to [defendants]. Nevertheless, the parties have proposed a fee based on a percentage of the total potential recovery for the class." *Spark II*, 157 F.Supp.2d at 341.

**4.** The Third Circuit affirmed the court's August 1, 2001 decision before the court rendered an opinion on Mr. Pentz's initial petition for fees (D.I.177) or plaintiffs' motion with respect to that petition (D.I.181). As such, Mr. Pentz's first petition for attorneys' fees and incentive awards (D.I.177) and plaintiffs' motion to defer a ruling on that petition pending appeal (D.I.181) will be denied as moot.

(D.I. 210 at 15–18.) This is the court's decision on the outstanding fee petitions.

## III. STANDARD OF REVIEW

██ "[A]n award of reasonable attorneys' fees is within the district court's discretion." *Silberman v. Bogle*, 683 F.2d 62, 64–65 (3d Cir.1982) (citations omitted); *see also White v. Auerbach*, 500 F.2d 822, 828 (2d Cir.1974) (trial court in best position to determine if objectors are entitled to attorneys' fees and whether objectors' participation enhanced recovery). While an objector to a class action settlement is not generally entitled to an award of counsel fees, objectors are entitled to compensation for attorneys' fees and expenses if the settlement was improved as a result of their efforts. *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F.Supp.2d 563 (D.N.J.2003) (citing *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 358 (N.D.Ga.1993); *In re Westinghouse Sec. Litig.*, 219 F.Supp.2d 657, 660 (W.D.Pa.2002)). If objectors are successful in challenging an award of attorneys' fees to lead class counsel, their objections have conferred a benefit on the class. *In re Prudential Ins. Co.*, 273 F.Supp.2d at 565 (citations omitted).

██ Because objectors play a different role in class action litigation than class counsel, the court will not treat their petition for fees as if they were class counsel, and the objectors will not be awarded fees for all of their work conducted in the course of the litigation. *Id.* Instead, the court will award fees which reflect the value the objectors conferred upon the class. *Id.* In the absence of a showing that objectors substantially enhanced the benefits to the class under the settlement, objectors are not entitled to fees. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir.2002).

## IV. DISCUSSION

██ Objectors have petitioned the court for an award of attorneys' fees on the basis that they "were the only parties to direct [the court's] attention to the relevant case of *Cendant PRIDES* ... or to argue that class counsel's fee request, under Third Circuit precedent, was unreasonable." (D.I. 190 at 3.) Objectors have asked the court for a fee award of $70,000, or "10.17% of the amount by which class counsel's...fee request was reduced." (*Id.* at 6.) Defendants argue that objectors are not entitled to an award of attorneys' fees because they have not shown that the class settlement was improved from the perspective of the class members as a result of their efforts. (D.I. 192 at 2; citing *In re Cendant PRIDES*, 243 F.3d at 743–44.) Defendants also state that objectors did not raise any objections to class counsel's fee petition until after the court raised an issue about it at the Fairness Hearing, and that objectors "simply piled on" in light of the court's request. (D.I. 192 at 3.)

I am persuaded by defendants' arguments. On the basis of the record before me, I find no evidence of a contribution by the objectors that would overcome the presumption that they are not entitled to attorneys' fees. Indeed, the cases in which objectors are awarded attorneys' fees are few and far between. In such cases, the objectors expended large amounts of time, money and resources, aided the court considerably in its consideration of proposed settlements and fee awards, and the class members were ultimately benefitted as a result of the objectors' efforts. *See, e.g., In re Harnischfeger Indust., Inc. Sec. Litig.*, 212 F.R.D. 400, 413–15 (E.D.Wis.2002) (objector awarded fees for obtaining modified release and preserving class members' ERISA claims in class action settlement); *In re Horizon/CMS Healthcare Corp. Sec.*

*Litig.*, 3 F.Supp.2d 1208, 1214 (D.N.M. 1998) (objectors awarded fees because they retained economic experts who "conducted a full-scale damage analysis" relied upon by the court in reducing class counsel's fee award).

The actions of the objectors in this case do not rise nearly to the level of involvement of those objectors who have been awarded attorneys' fees. The objectors here did not raise any concerns about class counsel's proposed fee award at the Fairness Hearing. Thereafter, in submissions to the court, objectors merely cited to a leading Third Circuit case on the issue of fee awards and recognized that class counsel miscalculated its lodestar and multiplier. Objectors even concede that their input "did not increase the amount of relief paid to the class . . . ." (D.I. 190 at 5.) Given the absence of evidence that objectors' actions conferred a benefit upon the class, Mr. Pentz's renewed petition for fees will be denied.[5]

■ Class counsel's second amended petition for fees seeks attorneys' fees and costs totaling $140,628 for successfully defending the case on appeal.[6] (D.I. 204 at 3.) Defendants do not oppose class counsel's fee petition for fees. However, Mr. Pentz, on behalf of objector Shapiro, opposes class counsel's petition. (D.I.206.) First, the objector argues that a multiplier should not be used in this context because class counsel did not undertake any risk in defending the case on appeal. (D.I. 206 at 2.) Second, the objector argues that notice of class counsel's latest fee request should be provided to the entire class. (*Id.* at 3.) Finally, "in the spirit of compromise," the objector proposes that since defendants do not oppose class counsel's fee petition, defendants should pay 2/3 of the requested $140,623 fee amount to class counsel and 1/3 to Mr. Pentz.[7] (*Id.* at 4.)

The objector's "opposition" to class counsel's fee petition appears to be nothing more than an attempt to receive attorneys' fees. The objector has done nothing more than propose an unsupported, alternative fee distribution scheme, apparently attempting to take advantage of the fact that defendants have not opposed class counsel's request. Indeed, the objector does not dispute that class counsel is entitled to the requested fees. The fee petition submitted by class counsel sets forth with particularity the amount of hours spent by each partner, legal assistant, and law clerk on the appeal, together with an itemization of the out-of-pocket expenses. The lodestar of $46,540 is substantiated. Because there was a risk inherent in defending the class action on appeal[8], I believe a multiplier of 3 is appropriate and the total amount of attorneys' fees requested is reasonable.

In light of these factors and the fact that defendants do not oppose the petition, I

---

5. Even if the objectors' arguments were meritorious, I note that their proposed fee award of $70,000 is entirely unsubstantiated and they offer no authority to support an award that is calculated in the manner they propose.

6. Class counsel specifically requests an award of $139,620 in fees plus $1,008 in costs for a total of $140,628. To arrive at the $139,620 fee amount, class counsel applied a multiplier of 3 to a lodestar of $46,540. (D.I. 204 at 2.)

7. I have also considered the objector's "windfall" argument and find it to be without merit. (D.I. 206 at 4.)

8. As class counsel points out, it defended the class members against the two appeals that were filed in this case. (D.I. 208 at 1.) The appeals sought a reversal of the approval of the settlement agreement and additional relief that, if granted, would have required decertification of the class. (*Id.* at 2.)

will grant class counsel's petition for fees and costs in the amount of $140,628.[9]

## V. CONCLUSION

Accordingly, Mr. Pentz's renewed petition for an award of attorneys' fees will be denied (D.I.190) and class counsel's second amended supplemental petition for fees and costs will be granted (D.I.204).

An appropriate order will issue.

### *ORDER*

In accordance with the memorandum opinion issued this date, it is hereby ordered that:

1. The petition of objectors Alan Shapiro, Cophen E. Sears and Daniel J. Hill for an award of attorneys' fees is DENIED as moot (D.I.177);

2. Plaintiffs' motion to defer ruling on petition of objectors for attorneys' fees is DENIED as moot (D.I.181);

3. The renewed petition of John J. Pentz, Esq. for an award of attorney's fees is DENIED (D.I.190);

4. Class counsel's supplemental petition for fees and costs is DENIED as moot (D.I.195);

5. Class counsel's amended supplemental petition for fees and costs is DENIED as moot (D.I.199);

6. Class counsel's second amended supplemental petition for fees and costs

in the amount of $140,628 is GRANTED (D.I.204).

IT IS SO ORDERED.

---

**9.** A new class notice is not required to be sent, as it is only necessary when class members' rights would be materially and negatively affected compared to the rights they had under the original notice. *In re BankAmerica Corp. Sec. Litig.,* 227 F.Supp.2d 1103, 1107 (E.D.Mo.2002). The original notice in this case stated that class counsel would receive $1,285,200 in fees, when in fact they received

$590,000. Even when adding the fee award for the cost of defending the appeal, class counsel will receive significantly less than the fee award set forth in the original notice. Therefore, a new notice need not be sent, as the class members' rights are not being materially and negatively affected compared with their rights under the original notice.