■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. MADELEINE M. RUESSMANN, Admitted on December 8, 1986, at a Term of the Appellate Division, First Department. [786 NYS2d 913]—Respondent reinstated as an attorney and counselor-at-law in the State of New York effective the date hereof. No opinion. Concur—Nardelli, J.P., Mazzarelli, Saxe, Ellerin and Williams, JJ. [*See* 257 AD2d 127 (1999).]

(November 16, 2004)

■ FRANK DAVID SEINFELD et al., Respondents, v JAMES D. ROBINSON, III, et al., Defendants, et al., Nominal Defendant. WILLIAM C. RAND, Appellant. [783 NYS2d 813]—

Appeal from order, Supreme Court, New York County (Louis B. York, J.), entered October 22, 2003, which, in a shareholder derivative action, denied appellant objector's motion for an award of attorneys' fees upon his failure to appear in court on the return date of the motion, unanimously dismissed, without costs, as taken from a nonappealable order.

No appeal lies from an order, such as this, entered on default of the aggrieved party (CPLR 5511; *Gale v Liffey Van Lines*, 269 AD2d 195 [2000], *lv dismissed* 94 NY2d 941 [2000]). In any event, the motion for attorneys' fees was deniable on the merits. This was a situation in which "a *pro se* [objector] who [was] also an attorney should not [have been] awarded attorney's fees" (*In re Texaco Inc. Shareholder Derivative Litig.*, 123 F Supp 2d 169, 172 [SD NY 2000], *affd* 28 Fed Appx 83 [2002]; *see also Zucker v Westinghouse Elec.*, 374 F3d 221 [3d Cir 2004]). Concur—Mazzarelli, J.P., Ellerin, Lerner, Friedman and Sweeny, JJ.