■ KOREA FIRST BANK OF NEW YORK, Respondent, v NOAH ENTERPRISES, LTD., et al., Appellants. NOAH ENTERPRISES, LTD., et al., Appellants, v KOREA FIRST BANK OF NEW YORK, Respondent. [787 NYS2d 2]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 15, 2000, which granted plaintiff bank's motion for summary judgment in lieu of complaint, unanimously affirmed, with one bill of costs. Judgment in a separate action, same court and Justice, entered July 2, 2002, which dismissed plaintiff borrowers' complaint, unanimously affirmed, with one bill of costs.

The bank had a valid security interest and was entitled to file a continuation statement with respect to the UCC-1 financial statements that were about to expire. Although the corporate borrower's principal signed the security agreement without indicating his corporate capacity, he was recognized by the bank as the corporation's president, his signature was over an address that was indisputably the corporation's, the subsequent dealings between the parties underscore these basic facts, and the corporate borrower never submitted any evidence to show that its principal had signed in only a personal, rather than a corporate, capacity (*see Bank of India v Weg & Myers*, 257 AD2d 183, 190 [1999]). We also find that the parties did not extinguish the borrower's debt that existed prior to the restructuring (*see Goldbard v Empire State Mut. Life Ins. Co.*, 5 AD2d 230, 236 [1958]). The bank made out a prima facie case under CPLR 3213 for recovery on the 1998 note and guaranties (*see Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 154-155 [1975]), and the borrowers failed to raise an issue of fact with respect to their claimed defenses. The fraud defense was properly rejected on the ground that the claimed representations contradicted the obligations set forth in the loan documentation (*see European Am. Bank v Syosset Autorama*, 204 AD2d 266 [1994]). There was adequate consideration, not in the form of past consideration as the borrowers contend, but in the bank's agreement to forgo its rights to non-cash collateral, immediate payment of only a portion of the outstanding debt, and extension of the payout period despite the borrowers' default.

Upon our review of the record, we find the borrowers' first five causes of action precluded, on the basis of collateral estoppel, by the grant of judgment to the bank on the notes and

guaranties. The borrowers' action arose from the same series of transactions between the same parties and involved the identical issues which were necessarily decided in prior action (*see Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71 [1969]). The causes of action for breach of the implied covenant of good faith and negligent misrepresentation were properly dismissed on this ground, since collateral estoppel precludes assertion of the same wrong under a different legal theory (*see Rand v Texaco, Inc.*, 305 AD2d 285 [2003]; *Tsabbar v Delena*, 300 AD2d 196, 197 [2002], *lv denied* 100 NY2d 508 [2003]). The negligent misrepresentation claim was also deficient, absent a confidential or fiduciary relationship giving rise to a duty to speak with care (*see Kimmell v Schaefer*, 89 NY2d 257, 263-264 [1996]). The bank-borrower relationship here was not such a relationship (*see River Glen Assoc. v Merrill Lynch Credit Corp.*, 295 AD2d 274, 275 [2002]). In any event, the borrowers failed to demonstrate that they did not have a fair and full opportunity to litigate the issues (*see Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]).

The bank was not responsible for the refusal of third parties to honor the letters of credit (*see North Woods Paper Mills v National City Bank of N.Y.*, 121 NYS2d 543, 546-547 [1953], *affd* 283 App Div 731 [1954]). Since the bank had the right, under the standing letter of credit agreement, to demand cash advances before honoring a letter of credit, such agreement conclusively disposed of the borrowers' claim that it had improperly sought such advances.

We have considered appellants' other contentions and find them unavailing. Concur—Buckley, P.J., Williams, Lerner, Gonzalez and Sweeny, JJ.