In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v JUAN ROSADO, Appellant. [26 NYS3d 865]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered October 6, 2014, which, upon renewal of petitioner insurance company's application to permanently stay arbitration of respondent's claim for uninsured motorist benefits, adhered to its original determination granting the application, unanimously affirmed, without costs.

In the verified complaint in the underlying action, in which respondent Rosado sued certain insured owners and drivers of vehicles involved in an automobile accident in which he sustained injuries, it was alleged that Rosado's injuries "were caused wholly and solely by the negligence of the defendants." This allegation constituted a formal judicial admission (*see People v Brown,* 98 NY2d 226, 232 n 2 [2002]; *GJF Constr., Inc. v Sirius Am. Ins. Co.,* 89 AD3d 622, 626 [1st Dept 2011]; *Performance Comercial Importadora E Exportadora Ltda v Sewa Intl. Fashions Pvt. Ltd.,* 79 AD3d 673, 673-674 [1st Dept 2010]). Rosado's deposition testimony three years after this admission, in which he asserted that he was struck from behind by a truck that fled the scene, is insufficient to overcome the admission. The owner and driver of the truck were never sued in the underlying action, even as a John Doe, and Rosado did not seek uninsured motorist benefits from petitioner with regard to the truck until shortly after his deposition testimony. Further, the only other evidence regarding the truck indicates that the truck did not strike Rosado's vehicle. Under these circumstances, the motion court properly adhered to its original determination granting petitioner's application to permanently stay arbitration of respondent's uninsured motorist claim. Concur—Mazzarelli, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.