Bauhouse Group I, Inc. v Kalikow (2021 NY Slip Op 00001)





Bauhouse Group I, Inc. v Kalikow


2021 NY Slip Op 00001


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Index No. 155066/19 Appeal No. 12753-12754 Case No. 2020-01407 

[*1]Bauhouse Group I, Inc., et al., Plaintiffs-Appellants,
v
Richard Kalikow, et al., Defendants-Respondents.


Buttafuoco & Associates, PLLC, Woodbury (Ellen Buchholz of counsel), for appellants.
Herrick, Feinstein LLP, New York (Stephen B. Selbst of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered December 4, 2018, which, inter alia, granted defendants' motion to dismiss plaintiffs' claim for legal malpractice (the first order), unanimously affirmed, with costs. Order, same court (O. Peter Sherwood, J.), entered on or about October 9, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiffs' substantively identical claim for legal malpractice in a separately filed action, and awarded costs to defendants (the second order), unanimously affirmed, with costs.
In the first order, the court correctly concluded that plaintiffs' legal malpractice claim was barred by the doctrine of collateral estoppel in light of the prior findings in a related bankruptcy proceeding. The doctrine of collateral estoppel will "preclude[] a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). The court properly concluded that plaintiffs were in privity with the debtors in the bankruptcy proceeding. Factual claims concerning the validity of certain loan transactions were asserted and decided against the plaintiffs in the bankruptcy proceedings. These are the same loan transactions and factual allegations underlying the claims made in the malpractice action.
Plaintiffs' argument that collateral estoppel does not apply to these actions because defendants were not parties to the bankruptcy proceeding is not persuasive. The law is clear that a party seeking to invoke the doctrine of collateral estoppel need not have been a party to the prior action (Vavolizza v Krieger, 39 AD2d 446, 447-448 [1st Dept 1972], affd 33 NY2d 351 [1974]). Plaintiffs' argument that their claims are not barred by collateral estoppel because there was no claim for legal malpractice before the Bankruptcy Court also fails. As the court found, collateral estoppel precludes the relitigation of factual issues that were necessarily decided in a prior action against the same party or its privies, regardless of whether the causes of action were the same (Korea First Bank of N.Y. v Noah Enters., Ltd., 12 AD3d 321, 323 [1st Dept 2004], lv denied 4 NY3d 710 [2005] ).
The motion court also correctly concluded that plaintiff's allegation that there was an "unwaivable" conflict of interest did not independently state a cause of action for malpractice. Apart from plaintiffs' failure to pose any plausible legal argument why the disclosed conflict (which was expressly waived) was unwaivable, there is no basis to conclude that the conflict of interest caused any harm to plaintiffs (Zarin v Reid & Priest, 184 AD2d 385 [1st Dept 1992]).
The second order is subject to dismissal for many of the same reasons as the first order. Most fundamentally, however[*2], the court there properly applied the doctrine of res judicata to preclude plaintiffs from re-litigating the same exact claims in the second action that were raised and dismissed, with prejudice, in the first action. The doctrine of res judicata dictates that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Marinelli Assoc. v Helmsley-Noyes Co., 265 AD2d 1, 5 [1st Dept 2000]). The requirements of res judicata are plainly met here. The first action  which involved the exact same parties, transactions, and claims  was brought to a final conclusion by the first order, wherein the complaint was dismissed with prejudice. It is indisputable that plaintiffs' claims in the second action arise out of the same facts and are, in fact, identical to those alleged in the first action. Considering the allegations of the bankruptcy proceeding, the second action was in fact plaintiffs' third attempt to recover based upon the same set of facts arising from the same transaction.
The court also properly granted costs to defendants in the second order, given that the second action was duplicative, frivolous, untimely, and a waste of judicial resources (22 NYCRR 130-1.1).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021