Landa v Friedman (2024 NY Slip Op 05186)

Landa v Friedman

2024 NY Slip Op 05186

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Webber, J.P., Friedman, Mendez, Shulman, O'Neill Levy, JJ. 

Index No. 657198/21, 595676/22 Appeal No. 2864 Case No. 2023-03968 

[*1]Mark Landa, as Trustee for the Golda Landa 2011 Irrevocable Trust, Plaintiff,
v
Alexander Friedman, Defendant.

Alexander Friedman, Third-Party Plaintiff-Respondent,
v
Mark Landa, Third-Party Defendant-Appellant, Elizabeth Friedman et al., Third-Party Defendants.

Hiller, P.C., New York (Jason E. Zakai of counsel), for appellant.
Gallet Dreyer & Berkley LLP, New York (Kyle G. Kunst of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about July 11, 2023, which denied third-party defendant Mark Landa's motion to dismiss the first and second causes of action of the third-party complaint as against him pursuant to CPLR 3211(a)(1), (5), and (7), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The first cause of action in the third-party complaint— for a declaratory judgment setting forth the parties' ownership rights in a certain apartment — and the second — for a constructive trust to provide to third-party plaintiff Alexander Friedman his ownership interest in the apartment — are barred by collateral estoppel (see generally Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). Alexander may not relitigate his ownership interest in the apartment because that issue was determined in the prior divorce action between him and third-party defendant Elizabeth Friedman.
Alexander's contention that Landa failed to identify any evidence in the record that the apartment was marital property is unavailing. The verified third-party complaint alleges that "Alexander has a legally-protected ownership interest in the Apartment as marital property," which is a formal judicial admission (see Matter of Allstate Ins. Co. v Rosado, 137 AD3d 662 [1st Dept 2016]). In addition, Elizabeth's interest in the apartment was marital property because it was "acquired by [a] spouse[] during the marriage and before . . . the commencement of a matrimonial action" (Domestic Relations Law § 236[B][1][c]; see also Fields v Fields, 15 NY3d 158, 163, 165 [2010]).
Alexander claims that he argued at the divorce proceeding that Elizabeth removed the issue of the apartment ownership and debt from the parties' settlement agreement. However, the part of the record Alexander cites to provides that Elizabeth "refused to settle the issue of the Notes and the debt related to the Apartment," not the ownership of the apartment. In any event, under Domestic Relations Law § 2369(B)(5)(a), the apartment could not be removed from consideration in the divorce action, as Alexander claims (see also Boronow v Boronow, 71 NY2d 284, 287 [1988]).
Alexander contends that Landa may not argue for the first time on appeal that collateral estoppel does not require him (Landa) to be in privity with Elizabeth. Since this is a purely legal argument, it may be raised for the first time on appeal (see e.g. Watson v City of New York, 157 AD3d 510, 511 [1st Dept 2018]), and "[t]he law is clear that a party seeking to invoke . . . collateral estoppel need not have been a party to the prior action" (Bauhouse Group I, Inc. v Kalikow, 190 AD3d 401, 402 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024